## HOLTZENDORFF *v.* De RENNE.

Where the court, in its charge to the jury, expresses an opinion upon a material question of fact as to which the evidence is conflicting, it is cause for a new trial.

Argued June 6.—Decided August 10, 1907.

Claim. Before Judge Cann. Chatham superior court. August 15, 1906.

*Shelby Myrick,* for·plaintiff in error.

*Walter G. Charlton* and *George W. Owens,* contra.

Fish, C. J. A distress warrant in favor of W. J. De Renne against Nannie L. Young was levied on certain furniture and household goods, which were claimed by S. T. Holtzendorff. Upon the trial of the issue as to whether or not the property was subject to the distress warrant, the evidence submitted in behalf of the claimant tended to show that, twenty-four days prior to the levy, the claimant purchased the property levied upon from the defendant, Mrs. Young, and received from her a bill of sale to the same, and very soon afterwards moved it from the house where it then was to another house, where he rented it to Mrs. Young's mother, who was in possession of it at the time of the levy. The evidence in behalf of the plaintiff tended to show that Mrs. Young was in possession of the property for some time prior to the alleged sale, subsequently thereto, and at the time of the levy. So there was, therefore, a sharp conflict in the evidence as to whether or not Mrs. Young retained possession of the property after the alleged sale by her to the claimant. The court instructed the jury as follows: "Whether the retention of possession by the vendor in this case, Mrs. Young, of the property has been sufficiently explained to remove the presumption of fraud is a question for the jury to determine. . . The possession of Mrs. Young of a whole or part of the property sold by her to Holtzendorff after judgment against her and at the time of the levy is presumptively a possession as owner." The jury returned a verdict, finding the property subject, and a stated amount of damages against the claimant for filing the claim for delay only. The claimant made a motion for a new trial, which was overruled, and he excepted. Error was assigned in the motion upon the above-quoted instructions of the court, on the ground that the court therein assumed that the

question of possession in the defendant, Mrs. Young, was not a disputed fact, and that the language used by the court amounted to an expression of opinion that possession of the property in question by Mrs. Young had been actually shown after the time claimant contended that he had purchased it from her. We think the assignment of error was well taken. Instructing the jury that it was for them to determine "whether the retention of possession" of the property by Mrs. Young, after the alleged sale of the same by her to the claimant, had been sufficiently explained to remove the presumption of fraud, was equivalent to an expression of opinion by the court that Mrs. Young had retained possession after the. alleged sale. The same is true of the instruction that "The possession of Mrs. Young of a whole or part of the property sold by her to Holtzendorff after judgment against her and at the time of the levy is presumptively a possession by the owner." The court, therefore, should have granted a new trial. While other questions are made in the record, under the view that we have taken of the case it is unnecessary to deal with them.

*Judgment reversed. All the Justices concur.*