## DURHAM *v*. THE STATE.

LUMPKIN, J. 1. Upon the trial of one indicted for murder, there was no error in refusing to allow counsel for the defendant, on cross-examination, to ask a witness for the State, "You tried to lie about that once when they tried Elmo Morgan and sent him up?" This was not a proper form of question, nor did it indicate an answer which would have been admissible; nor was this aided by the statement on the part of counsel for the defendant that at a former trial of a different defendant, which involved the same issue, the witness had "undertaken to testify differently." If the witness testified differently as to a material matter, this might be provable for the purpose of impeachment; but whether he "tried to lie," or had undertaken to testify differently, was irrelevant.

2. The charge of which complaint was made in the second ground of the amended motion for a new trial was that which was approved in *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 434), and in later decisions.

(*a*) The ruling in the preceding headnote likewise covers the charge of which complaint was made in the third ground of the motion for a new trial.

3. Where upon the trial of one charged with murder neither of his counsel in argument to the jury contended that he should be found not guilty, and one of them, who was the leading counsel, distinctly stated to the jury that he conceded, under the law and facts, that the defendant was guilty of voluntary manslaughter, and that he ought to be found guilty of that offense, and not of the offense of murder; and where, before beginning his charge, the court called the leading counsel for the defendant to the judge's stand and asked him if he wanted any instructions given except in regard to murder and manslaughter, and received a negative answer, it furnished no ground for a new trial that the judge did not in his charge give to the jury a form of verdict

52

of not guilty, or state that the jury could so find. *Steed* v. *State*, 123 *Ga.* 569 (51 S. E. 627).

4. When considered in connection with the entire charge, none of the excerpts of which complaint is made furnished ground for a reversal.

(*a*) Inaccuracies in a charge, which are more favorable to a defendant than a correct statement of the law would be, furnish no ground for a new trial on his behalf.

5. The verdict was supported by the evidence.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 13, 1912.

Indictment for murder. Before Judge J. B. Park. Greene superior court. August 22, 1912.

*Lewis, Davison & Lewis,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.