## 13550. BYRD *v.* THE STATE.

A conviction upon an accusation charging the offense of possessing intoxicating liquor will not be held illegal on the ground that this offense was merged in the higher offense of manufacturing liquor because it was shown at the trial that the liquor was found at a distillery at which the defendant was making such liquor.

DECIDED JULY 11, 1922.

Accusation of possessing liquor; from city court of Blackshear — Judge Mitchell. March 31, 1922.

*James R. Thomas,* for plaintiff in error, cited: 5 *Ga. App.* 174; 1 *Ga. App.* 192.

*S. Thomas Memory, solicitor,* contra, cited Ga. L. Ex. Sess. 1917, p. 8, sec. 1.

BROYLES, C. J. Dude Byrd and Johnnie Powers were jointly tried under an accusation charging them with possessing alcoholic liquors. The evidence for the State showed that the arresting officers found a distillery in operation, with whisky running out of the pipe. Right at the pipe were two five-gallon jugs, one full of " moonshine " whisky, and the other containing one and one half gallons of the same kind of whisky. The two defendants were the only persons at the distillery. One of the defendants (but which one the officers did not remember) stated that the still and whisky belonged to him. No evidence was introduced by the defendants, but both made statements at the time. Johnnie Powers stated that he had nothing to do with the still or its operation and that none of the whisky was his, and that he had gone there merely to see Byrd, the other defendant, and that he heard Byrd tell the arresting officers that he (Byrd) owned the still and the whisky. Byrd in his statement said that Powers had nothing to do with the distillery or the whisky, but that both belonged to himself, and ·that he so informed the officers at the time of the arrest. The jury acquitted Powers and convicted Byrd.

There is no merit in the contention of the defendant Byrd that because the evidence showed that the whisky had never been removed from the distillery where it was manufactured, the minor offense of possessing the whisky was merged into the greater offense of manufacturing it, and therefore his conviction of possessing it was contrary to law and the evidence. See, in this connection, *Morgan* v. *State,* 28 *Ga. App.* 358 (111 S. E. 72). More-

over, conceding (but not deciding) that under certain circumstances a person could not be convicted of manufacturing whisky and also convicted of possessing it, the State, even in such a case, would have the right to elect as to the offense for which it would prosecute. See, in this connection, *Bone* v. *State*, 121 *Ga.* 147 (1) (48 S. E. 986). The cases cited by counsel for the plaintiff in error in support of his contention are distinguishable by their facts from this case.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*