15144.   CLEMENTS v. THE STATE.

LUKE, J.   1. The offense of possessing intoxicating liquors being a misdemeanor, the testimony of an accomplice is sufficient to establish the offense.   Park's Penal Code, § 1017, and notes on "Misdemeanor."

(a) The fact that the same testimony may further show that the witness and the accused jointly manufactured the same liquors does not affect the rule, the accused being on trial not for the manufacturing, which is a felony, but for having such liquors in his possession, which is a misdemeanor.   *Byrd* v. *State*, 28 *Ga. App.* 731 (113 S. E. 25).

(b) In view of the foregoing principles, as applied to the facts of this case, the court did not err in charging the jury as follows: "Counsel for the defendant, in his argument, has insisted that under the laws of the State of Georgia, the defendant could not be legally convicted upon the testimony of the witness Slaton, who admits he was an accomplice, if his evidence be true, of the defendant on trial.   I charge you that is not the law of Georgia, and that these two cases involved being the alleged commission by the defendant of misdemeanors, if you believe from the evidence of the witness Slaton, beyond a reasonable doubt, that the defendant is guilty as charged, you should convict him.   There is no legal necessity that this evidence should be corroborated in order to authorize you to return a verdict finding the defendant guilty.   Whether or not, in your judgment, under all the facts, such corroboration would be necessary in order to convince your minds beyond a reasonable doubt of the guilt of the defendant is a question for your determination, as is also the question of whether or not such corroboration exists under the evidence."

(c) If the words, "Slaton, who admits he was an accomplice," as used in the foregoing excerpt from the charge, amount to an expression of opinion in violation of the Penal Code, § 1058, such expression was favorable to the accused, and he will not be heard to complain of errors in his own favor.   *Durham* v. *State*, 138 *Ga.* 817 (4 *a*) (76 S. E. 351).

2. The evidence authorized the verdict, and the trial judge did not err in overruling defendant's motion for a new trial.

           *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*

                    DECIDED JANUARY 15, 1924.

Indictment for possession of liquor; from Whitfield superior court—Judge Tarver.   October 19, 1923.

*Maddox, McCamy & McFarland,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.