33838.   CITY OF DECATUR *v.* ROBERTSON *et al.*
33839.   LIGGETT DRUG CO. INC. *v.* ROBERTSON *et al.*

DECIDED MARCH 7, 1952—REHEARING DENIED MARCH 21, 1952.

*B. Hugh Burgess*, for plaintiff in error in case No. **33838**.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins, T. J. Long*, contra.

*T. J. Long*, for plaintiff in error in case No. **33839**.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins, B. Hugh Burgess*, contra.

WORRILL, J. (After stating the foregoing facts.) ■ Special ground one of the city's motion for a new trial assigns error on the following charge: "Each of the defendants contend that the plaintiff was guilty of negligence, and they contend that any injury she sustained, if she sustained any injury, was caused by her own negligence, and by her failure to exercise ordinary care for her own safety. They contend that there was an iron grating on the sidewalk in question, but they contend that the iron grill was level with the surface of the street. They contend that the sidewalk and the grill at the point in question were in a reasonably safe condition. They deny that the sidewalk at that point or the grill was in an unsafe condition." It is contended that the charge was error in that it did not correctly state the contention of the movant, and thereby deprived the movant of its defense that the iron grating was a part of the building. This charge did not correctly state the contentions of the city, which denied that the iron grating or grill was on the sidewalk. "Where the court, in charging the jury as to the respective contentions of the parties, not only failed to correctly present those of the losing party, but pratically instructed the jury that he admitted the contentions of the opposite party concerning one of the vital issues in the case, a new trial is demanded." *Hightower v. Ansley*, 126 *Ga.* 8 (6) (54 S. E. 939). By misstating the city's

contention the court deprived it of its defense that the grill was not a part of the sidewalk.

■ Special ground 2 of the city's motion and special ground 4 of the drug company's motion contend that the following instruction to the jury was error: "I charge you that, if the iron grill in question and the sidewalk at the grill were in a reasonably safe condition for travel in the ordinary mode, or unless the same was in a defective, unsafe condition as alleged in the plaintiff's petition, then in either of those events the defendants would not be liable, and it would be your duty to return a verdict in favor of the defendants,"—in that it instructed the jury to consider the condition of the sidewalk, although it was not in issue. Even if there was error, it was favorable to the movants, since the charge placed on the plaintiff the burden of proving that both the grill and the sidewalk were defective. "Inaccuracies in a charge, which are more favorable to a defendant than a correct statement of the law would be, furnish no ground for a new trial on his behalf." *Durham* v. *State*, 138 *Ga.* 817 (4a) (76 S. E. 351).

■ The city's third special ground excepts to the following instruction to the jury: "I charge you that a municipal corporation is under the duty to exercise ordinary care to keep its sidewalk in a reasonably safe condition for travel by ordinary mode, and will be liable for damages for injury to a person rightfully using the sidewalk, and which injuries were sustained in consequences of its dereliction in this regard, no matter for what cause the sidewalk may have become defective and unsafe, where the city knew or should have known by the exercise of ordinary care of the condition of the sidewalk and had failed to repair it or to give warning of its existence." It is contended that the court should have further charged that the city would not be liable unless it had actual or constructive knowledge of a defect; and that, since no actual knowledge was proved, the court should have charged what would constitute constructive notice. The charge given was correct, and that a charge which is correct in itself does not contain another applicable principle of law is not a good assignment of error. *Ivey* v. *Hall*, 77 *Ga. App.* 350, 352 (48 S. E. 2d, 788).

■ Special ground 4 of the city's motion for a new trial assigns error on the following instruction: "I charge you that in this

case the law requires of the defendant city that it be in exercise of ordinary care to keep the iron grating or grill described in the plaintiff's petition, located on the sidewalk as alleged therein, in a reasonably safe condition for travel by ordinary modes along and over said sidewalk; and requires said defendant to be in the exercise of ordinary care insofar as the particulars charged in the plaintiff's petition are concerned; that is, the particulars charged in the plaintiff's petition are concerned; that is, the particulars charged against the defendant city." It is contended that the court's positive statement that the grill was located on the sidewalk deprived the city of its defense that the grill was not on the sidewalk and was a part of the building. It is error for the court, in its charge to the jury, to express or intimate an opinion upon a material question of fact as to which the evidence is conflicting. Code, § 81-1104; *Holtzendorff* v. *DeRenne,* 129 *Ga.* 226 (58 S. E. 710).

■ In special ground 5, the city assigns error on the following instruction: "I charge you that, if the iron grating and sidewalk were in a defective and unsafe condition for travel in the ordinary modes, a defendant would not be liable and would be entitled to a verdict in its favor unless you find that such defendant knew, or, by the exercise of ordinary care, should have known of the defective and unsafe condition in time to repair it or give the plaintiff warning of its existence." It is contended that, in addition to said charge, the court should have charged that the city would not be liable in the absence of notice, and should have given to the jury the definition of what would constitute notice. The charge given was correct, and the fact that a charge which is correct in itself does not contain another applicable principle of law is not a good ground for an assignment of error. *Ivey* v. *Hall,* supra.

■ Special ground 6 of the city's motion and special ground 5 of the drug company's motion contend that the court erred in failing to charge that, if the plaintiff was injured by reason of the negligence of someone else, including Nat Kaiser Investment Company, and that negligence was the proximate cause of the plaintiff's injuries, then the plaintiff would not be entitled to recover. This would have been an elaboration of the rules of law that had already been given in the charge; and there being

no written request, the plaintiff can not now complain. *Nieuwstraten* v. *Atlantic Coast Line R. Co.*, 70 *Ga. App.* 800, 804 (29 S. E. 2d, 665); *Brown* v. *Service Coach Lines*, 71 *Ga. App.* 437 (7) (31 S. E. 2d, 236).

■ In special ground 7 of the city's motion and special ground 6 of the drug company's motion, it is contended that the court erred in failing to charge the jury that the city would not be liable for a slight or minor defect. The objection is without merit. "It appears that the established rule in this State is that, where it is shown that a defect exists in a street or sidewalk, although the defect is minor in nature, the question of whether the street or sidewalk was in a reasonably safe condition for use by the ordinary modes of travel should be determined by a jury, and not as a matter of law." *McKay* v. *City of Atlanta*, 80 *Ga. App.* 797, 804 (57 S. E. 2d, 432).

■ Special ground 8 of the city's motion for a new trial assigns error as follows: "Because, as movant contends, the court erred in failing to charge the following Code Section, to wit: '69-303: Liability for injuries resulting from defects in streets.—If a municipal corporation has not been negligent in constructing or repairing the same, it is not liable for injuries resulting from defects in its streets when it has no actual notice thereof, or such defect has existed for a sufficient length of time for notice to be inferred.'" This ground has no merit. "A ground of a motion for a new trial must be complete in itself. A bare statement that the court erred in failing to charge a particular Code section, but which fails to point out wherein such section is applicable to the facts of the instant case, or to show that such principle has not been covered by the charge as a whole, or that a timely request has been made in writing therefor, is a too vague and indefinite assignment of error to raise any question for determination by this court." *Anderson* v. *State*, 46 *Ga. App.* 728 (2) (169 S. E. 60).

■ Special ground 7 of the drug company's motion assigns error on the following instruction: "I charge you that, if you find that the defendant drug company was a tenant in the premises as alleged in the plaintiff's petition, that said premises abutted said sidewalk described in said petition, that an iron grill or grating was located thereon as alleged, and that the defendant drug com-

pany had a servitude in said sidewalk and grill for its private benefit, the enjoyment of which involved the disturbance of the surface of said sidewalk and affected its safety, then and in that event, I charge you that the defendant drug company is required under the laws of this State that it be in the exercise of ordinary care to keep the iron grating or grill described in the plaintiff's petition and located on said sidewalk as alleged therein in a reasonably safe condition for travel by ordinary modes along and over said sidewalk, and requires the defendant drug company to be in the exercise of ordinary care insofar as the particulars charged by the plaintiff in her petition are concerned. The definition of ordinary care, as applied to the drug company, would be just that care which every prudent person would exercise under the same or similar circumstances. I charge you that the tenant or occupant of premises abutting on a sidewalk who has a servitude in an iron grating located on said sidewalk for its private benefit, the enjoyment of which involves a disturbance of the surface of the sidewalk or affects its safety, must exercise ordinary care to maintain or keep the portion affected by such servitude in a reasonably safe condition for travel by ordinary modes, and such occupant will be liable in damages for any injuries to a person rightfully using said sidewalk, and which injuries were sustained in consequence of the defendant's dereliction in this regard, no matter by what cause the said portion of said sidewalk may have become defective and unsafe, where such occupant knew or should have known by the exercise of ordinary care of the defect in time to repair it or to give warning of its existence, provided that the party injured could not have avoided injury to herself by the use of ordinary care on her part." It is contended that the charge is error because there was no evidence that the grating or grill was located on the sidewalk, and because it imposed an obligation upon the drug company as that of an insurer of the safety of persons using the sidewalk, without regard to the manner in which the sidewalk or grill might have become defective and unsafe. The objections to the charge are well taken. There was no evidence showing that the grill was a part of the sidewalk. The plaintiff herself testified that it was not a part of the sidewalk, and that it merely extended from the ramp about four inches and above the sidewalk about one and

a half inches. While the defendant drugstore enjoyed a servitude in the grill and the ramp, it had no servitude in the sidewalk; and yet the charge of the court was calculated to cause the jury to infer that it did, and that, if the plaintiff was injured on the sidewalk, as distinguished from the grill, in any manner not contended by the plaintiff and not alleged as negligence, the defendant drugstore would be liable. The charge was further subject to the criticism that it imposed upon such defendant the duty to use ordinary care to keep the grill safe for public travel in the ordinary manner, although the evidence conclusively established that the grill was not a part of the sidewalk, but a part of the ramp immediately adjacent to the side of the drugstore, and not a surface which the public might reasonably expect it had a right to use for travel.

█ Because of the above rulings, requiring a reversal of the judgment as to each defendant, it is unnecessary to rule on the general grounds of the motion for new trial.

*Judgment reversed on both bills of exceptions, Cases Nos. 33838 and 33839.  Sutton, C. J., and Felton, J., concur.*