## 47450. CHAMBERS v. THE STATE.

STOLZ, Judge. The defendant was convicted of the offense of obstruction of officers, *Code Ann.* § 26-2505 (Ga. L. 1968, pp. 1249, 1313). The accusation alleged that he "knowingly and wilfully obstructed and hindered Sgt. R. A. Lumley, a law enforcement officer, in the lawful discharge of his official duties as follows: by stricking [sic] said R. A. Lumley on the left side of head with his fist." He appeals from the judgment of conviction and sentence. *Held:*

1. "In opening a criminal case to a jury preliminary to the introduction of evidence, the solicitor-general may state what he expects to prove. If, on an objection to a statement by the solicitor-general, the court declines to interfere, but [appropriately] *instructs the jury* . . . no error is committed where it does not appear that the remarks of the solicitor-general were otherwise than in good faith." (Emphasis supplied.) *Daniels v. State,* 58 Ga. App. 599 (3) (199 SE 572); *Jordan v. State,* 78 Ga. App. 879, 883 (52 SE2d 505). The objection here was to the prosecutor's reference, in his opening remarks to the jury, to the defendant's having discarded "drugs" at the time of the altercation in issue. In spite of the insistence by the prosecutor and the trial judge that no reference was intended or made to *illegal* drugs, the jury is presumed to have been sufficiently aware of the current prevalence of illegal drugs and to have reasonably, even if erroneously, deducted that the "drugs" were illegal drugs, rather than merely prescription drugs or medicines. This would clearly be prejudicial, as the defendant was not on trial for the possession of illegal drugs. This deduction would

be reinforced by the evidence that the defendant's brother was in jail on a possession of illegal drugs charge, and by the prosecutor's use of the word "discarded," implying an attempt by the defendant to conceal incriminating evidence; whereas there was evidence from which the jury might find that the defendant had a bag containing medicine which he had intended to take to his brother, and which he was in the process of merely setting down (and not necessarily "discarding") when he was approached from behind by the deputy sheriff whom he was accused of obstructing. Even if these remarks were made in good faith, the trial judge did not instruct the jury at all in order to disabuse their minds of any possible prejudice resulting from this injection of a foreign issue into the case. Therefore, the trial judge erred in overruling the defendant's motion for a mistrial, as contended in the first enumerated error.

2. Although there was evidence from which the jury could have found that the law enforcement officer had stepped aside from his official duties to satisfy a personal vengeance, there was some "conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom," did not "demand a verdict of acquittal or 'not guilty' as to the entire offense or to some particular count or offense included in the indictment." *Code Ann.* § 27-1802 (a) (Ga. L. 1971, pp. 460, 461). Therefore, the trial judge did not err, as contended in enumerated error 3, in refusing to direct a verdict of acquittal.

3. The third ground of enumerated error is the court's denial of the defendant's request to charge on the law of self-defense (*Code Ann.* § 26-902; Ga. L. 1968, pp. 1249, 1272), an affirmative defense (*Code Ann.* § 26-907; Ga. L. 1968, pp. 1249, 1274), which was not pleaded. "Affirmative defenses not pleaded are, as a general rule, waived. However, these may be raised in motions to strike or to dismiss or for summary judgment as well as by special pleas or in the answer, and if evidence suffi-

cient to sustain the defense is admitted without objection as to lack of pleading and no surprise is claimed, there is a waiver of defendant's failure to plead it." *Phillips v. State Farm &c. Ins. Co.*, 121 Ga. App. 342 (2a) (173 SE2d 723).

Evidence was admitted without objection, to the effect that the defendant was trying to visit his brother, who was incarcerated in jail; that the chief deputy sheriff, Sgt. Lumley, who was in charge of admitting the visitors, informed the defendant that he could not visit his brother, who already had his allowed quota of visitors with him at that time; that, after some angry conversation between the two, the defendant walked away; that, unbeknown to the defendant, Sgt. Lumley pursued the defendant into the lobby of the building and struck the defendant first with his fist as the latter was turning around in response to a warning from his friend of the impending attack; that Sgt. Lumley at no time expressed to the defendant his intention of arresting him.

The view that § 26-2505 conflicts with § 26-902, and, being the latter part of the same Act, must govern, is erroneous. *Code Ann.* § 26-901 (Ga. L. 1968, pp. 1249, 1272) provides: "The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed: (a) When the person's conduct is justified under sections 26-902, . . . [and others]." While the defense of self-defense would not avail in cases involving the resisting of lawful arrests, there was no evidence here that Sgt. Lumley intended or was attempting this. Nor could the offense be proved, under the allegations of the accusation, by a finding that the defendant obstructed the other officers who intervened in the struggle. The failure to charge on the law of self-defense, which was requested and authorized by the evidence, was reversible error.

4. The trial judge erred, as contended in enumerated error 4, in instructing the jury, in answer to a juror's question, "Do you mean that a man on official duty never goes

beyond his authority?", as follows: "I can't answer that question. I would not be permitted to answer that in regard to this, ma'am, because it is only a question that does not *necessarily* involve this particular occurrence." (Emphasis supplied.) Although the judge elsewhere instructed the jury to the effect that they must decide whether the officer was engaged in his official duty at the time of the altercation, the questions of several jurors indicated their confusion on the subject and the judge's reply was misleading in that the jury might find that, merely because the occurrence happened during the officer's working hours, he must have been engaged in performing an official duty at the time he was engaging in a fight with the defendant, which is not necessarily true. The question asked pertained to a material issue necessarily involved in the case, since it dealt with an essential element of the offense charged, i.e., that the officer was "in the lawful discharge of his official duties." The judge erred in not clarifying this issue upon request therefor by the jury.

5. The fifth ground of enumerated error complains of the following instruction to the jury: "Prima facie evidence is that evidence beyond which the State need not go to establish the facts alleged in the accusation, that is, insofar as evidence is concerned, when the State has presented the evidence as required by law, you would then be authorized to accept that evidence, unless the defendant should establish to the contrary to the State's evidence to your reasonable satisfaction. While this defense, explanation or justification must be established *by a preponderance of the evidence* presented by the defendant, and to your reasonable satisfaction, it need not be proven beyond a reasonable doubt, but if the defendant establishes same to your reasonable satisfaction, it would entitle him to belief on that part and acquittal, if that portion is connected with the offense." (Emphasis supplied.)

It is a fundamental principle of American jurisprudence that in a criminal trial the accused enjoys the presump-

tion of innocence. The burden of proof on the State is to prove beyond a reasonable doubt that the accused committed all the necessary elements of the crime as defined by the statute. "It is, of course, well settled that one accused of crime, even when the burden of proof is shifted upon him, does not have to satisfy the jury of his innocence by the preponderance of testimony; . . . If the jury could construe the statement of the judge as meaning that they could not acquit the defendant unless they were satisfied of the defendant's innocence by the preponderance of testimony, then the concluding statement, that if the jury had reasonable doubt on the question they should acquit the defendant, would not only be confusing to the jury (who must take the law from the court), but it was also calculated to place upon the defendant a burden that the law does not impose." *Williams v. State,* 12 Ga. App. 337, 341 (77 SE 189). The instruction complained of was reversible error.

The judgment of the court must be reversed on the grounds set out in Divisions 1, 3, 4 and 5 hereinabove.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*
SUBMITTED SEPTEMBER 6, 1972—DECIDED SEPTEMBER 27, 1972.

*Alexander & Jarrard, R. Thomas Jarrard,* for appellant.
*Ken Stula, Solicitor,* for appellee.