## 59588. CRAWFORD v. THE STATE.

BIRDSONG, Judge.

Deborah Crawford was convicted under accusation of the offenses of solicitation to commit sodomy and consenting to prostitution. She was sentenced to 12 months on each, probated upon the payment of fines. The facts show that a member of the vice squad was driving a van in Atlanta when a female companion of Crawford whistled at the van. The officer stopped his van next to the two women at the side of the street and each woman inserted her head and shoulders inside the passenger window. Crawford's female companion offered to engage in oral sodomy and an act of prostitution and inquired if the officer wanted "both." When the officer gave an affirmative answer, the female companion stated it would cost $25 for each. The officer then spoke for the first time to Crawford and asked her, "Is that right?" When Crawford said "Yes," each woman was invited into the van. After a few blocks, the

officer arrested the two women. Crawford denied the conversation and denied being aware that her companion was soliciting an act of sodomy or consenting to prostitution. She testified that she thought the van driver was giving her and her friend a ride home. Crawford enumerates as error the insufficiency of the evidence to support the conviction and a curtailment of cross examination. *Held:*

1. Though the evidence was in conflict, the trial court was warranted in believing Crawford's companion offered both herself and Crawford as willing participants in acts of prostitution and sodomy for $25 hire. The court was further warranted in believing that the offer to engage in prostitution and sodomy not only was made in Crawford's presence but that she fully concurred therein. Though all she said was "yes," that answer was given in response to a question whether she agreed to an act of prostitution and sodomy for $25. Such evidence is amply sufficient to convince a trier of fact beyond reasonable doubt that Crawford was guilty of soliciting sodomy and consented to prostitution. *Boyd v. State,* 244 Ga. 130, 132 (259 SE2d 71); *Turner v. State,* 151 Ga. App. 169, 170 (259 SE2d 171). See *Harper v. State,* 152 Ga. App. 689, 692; *Jefferson v. State,* 136 Ga. App. 63, 64 (220 SE2d 71); *Hewitt v. State,* 127 Ga. App. 180, 182 (193 SE2d 47). This enumeration is without merit.

2. In her second enumeration of error, Crawford argues that the trial court curtailed her right of cross examination. Counsel for Crawford had asked how the officer-witness knew that Crawford was not getting into the van solely to get a ride home. The trial court sua sponte sustained an objection that the question called for a speculative answer. The court, however, stated it would allow the appellant to continue the line of inquiry but by properly posed questions. Counsel voluntarily abandoned that line and did not pursue it.

The right of cross examination is not abridged where cross examination of a witness is not permitted as to irrelevant matters or as to relevant matters but by improper questions. The trial court has a discretion to control the right of cross examination within reasonable grounds, and the exercise of this discretion will not be controlled unless abused. *Freeman v. State,* 230 Ga. 85 (1) (195 SE2d 416); *Hudson v. State,* 137 Ga. App. 439, 440 (224 SE2d 48). In this case, the trial court simply curtailed the asking of a question that was improper in scope but allowed the line of inquiry to proceed. We find no abuse of discretion in that limitation. This enumeration likewise is without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

Argued March 5, 1980 — Decided April 16, 1980.

*Steven W. Reighard,* for appellant.
*Hinson McAuliffe, Solicitor, Charles R. Hadaway, George M. Weaver, Assistant Solicitors,* for appellee.