## 61803. PAYNE v. THE STATE.

BANKE, Judge.

On appeal from his conviction for shoplifting, the defendant complains that the court improperly admitted evidence that he had escaped from jail and also permitted the district attorney to make prejudicial remarks during closing argument. *Held:*

1. The state introduced evidence that the defendant was an inmate at the Troup County Correctional Institution and that, given a 10-hour emergency leave to attend a funeral on November 3, 1980, he failed to return as required. He surrendered on November 11, having missed his arraignment in the case *sub judice* on November 7.

"Flight is always a circumstance which may be shown and which a jury may take into account in determining the guilt or innocence of the accused." *Richardson v. State,* 113 Ga. App. 163, 164 (147 SE2d 653) (1966). "[W]e have found evidence of flight admissible whether it occurs at the time of the incident, shortly thereafter, when [the defendant] becomes a suspect, when he thinks he is about to be

arrested, and after he has been placed in jail, and even for failing to show up at the time of trial and forfeiting his appearance bond." *Johnson v. State,* 148 Ga. App. 702, 703 (252 SE2d 205) (1979). See also *Cohran v. State,* 157 Ga. App. 551 (278 SE2d 133) (1981).

2. Defendant also enumerates as error certain remarks by the prosecutor in his closing argument that "shoplifting is a cost borne by everyone"; and that "this is our best case . . . that's been presented this week"; and another comment to the effect that flight is not the action of an innocent man. "Attorneys should be allowed all reasonable latitude in argument of cases to the jury, provided they do not go outside the facts legitimately appearing from trial and lug in extraneous matters as if they were part of the case." *Smith v. State,* 74 Ga. App. 777 (41 SE2d 541) (1947). Considered in context the comment on the cost of shoplifting was not inappropriate, and the comment on flight was supported by the evidence. "Counsel is permitted, in the sound discretion of the court, to argue all reasonable inferences and deductions which may be drawn from the evidence, however illogical they may seem to the opposite party. [Cits.] What the law forbids is the introduction into a case by way of argument of facts which are not in the record and are calculated to prejudice a party and render a trial unfair." *Haas v. State,* 146 Ga. App. 729, 730 (247 SE2d 507) (1978). Reference to other trials held that week is certainly matter outside of the record and constitutes improper argument. However, reversal is not required because the error was waived. After several objections to earlier portions of the prosecutor's argument as to unrelated matters, appellant's counsel requested that he have a running objection, which the court granted. After that time counsel made numerous other objections to specific portions of the argument, but did not object to the argument under discussion here as it was his duty to do. See *Gerdine v. State,* 136 Ga. App. 561 (222 SE2d 128) (1975).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 21, 1981 —
REHEARING DENIED JUNE 4, 1981

*Allison W. Davidson,* for appellant.

*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.