## 62369. HARRIS v. THE STATE.

BIRDSONG, Judge.

Harris appeals from his conviction for homicide by vehicle, citing two enumerations of error. *Held:*

1. Harris contends the trial court erred in not allowing defense counsel to cross-examine witnesses concerning the decedent's possible heart attack and in thus depriving the appellant of his constitutional right to counsel. There was no error. The appellant, through his attorney, apparently sought to show that the victim might have died from a heart attack prior to the accident. The undisputed evidence in the case shows that while driving under the influence of .27% alcohol in his bloodstream, the appellant crossed three feet over the highway center line and collided with the deceased's oncoming car. An emergency medical technician testified that the victim was dead, apparently of internal injuries, when the technician arrived at the scene. There was no evidence whatsoever that the deceased had suffered a heart attack prior to and unrelated to the collision. The appellant's attempt to show by cross-examination of state's witness that the deceased might have suffered a heart attack was based on nothing other than speculation. The trial court in fact did not seek to prevent the appellant from properly establishing the possibility of a heart attack, but aptly ruled: "You can pose a hypothetical question to . . . that, but you've got to have some foundation to put in a hypothetical question . . . lay some foundation for it and I'll let you [cross examine all these witnesses on that point]." The appellant never did so. While it is true that the right to a thorough and sifting cross-examination may not be abridged (Code Ann. § 38-1705), the permissible scope of cross-examination is not unlimited and the discretion of the trial court in properly limiting cross-examination will not be controlled by the reviewing court unless it is abused. *Jones v. State,* 135 Ga. App. 893, 897 (219 SE2d 585). The appellant never showed what the trial court invited him to show, and what he did show is not enough to raise a reasonable doubt in a rational trier of fact.

2. There was no error in admitting into evidence at sentencing the appellant's prior record of pleading guilty (without counsel) to the misdemeanor offense of driving under the influence. *Stonaker v. State,* 134 Ga. App. 123, 127 (6) (213 SE2d 506), reversed on other grounds in *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 14, 1981.

*J. Dunham McAllister,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.