## 63328. HARVARD v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was indicted for murder and convicted of voluntary manslaughter. His enumerations of error involve the admission of evidence concerning his financial condition, a remark of the prosecutor on the same topic, the trial court's failure to charge the jury on the use of force in defense of one's habitation, and the denial of appellant's motion for a directed verdict.

1. During the cross-examination of appellant, the prosecuting attorney asked several questions about judgments against appellant and liens against appellant's property and submitted documentary evidence of the existence of those judgments and liens. Appellant argues that the admission of that evidence was prejudicial and had no bearing on any issue in this case.

Our review of the transcript shows that there had been evidence admitted earlier, including appellant's testimony on direct examination, concerning business dealings between appellant and the decedent, specifically a loan from the decedent to appellant, secured by a mortgage on appellant's home. There was also evidence that the decedent had come to appellant's home on the night of his death to collect the money appellant owed him.

We find no error in the admission of the evidence of which appellant complains. Evidence of appellant's indebtedness to the victim was clearly material to the issues on trial in that it tended to show a motive for the killing. Likewise, evidence that the mortgage given by appellant was worthless because of senior encumbrances was admissible to show a reason for the animosity between appellant and the victim. "On a trial for murder, evidence of recent prior difficulties between the defendant and the deceased is admissible as shedding light on the state of feelings between the accused and the deceased and showing motive. [Cits.] Evidence which is otherwise admissible is

not rendered inadmissible because it incidentally places the defendant's character in issue. [Cits.]" *Boling v. State,* 244 Ga. 825, 828 (262 SE2d 123).

The documentary evidence was admissible for the additional purpose of impeaching appellant's testimony. When asked about the existence of liens and judgments, appellant denied their existence and denied knowledge of any which might exist. The evidence of those judgments and liens was admissible to disprove the facts to which appellant had testified. Code Ann. § 38-1802.

2. In his second enumeration of error, appellant contends that he was denied a fair trial because of improper and prejudicial remarks by the prosecutor. The record shows that counsel neither objected specifically to the allegedly improper remarks nor made a motion for mistrial. Therefore, any error was waived. *Payne v. State,* 158 Ga. App. 732 (282 SE2d 155); *Holt v. State,* 147 Ga. App. 186 (5) (248 SE2d 223).

3. Appellant's contention that the trial court erred in its refusal to charge on the use of force in defense of habitation is without merit. There was no evidence that the deceased was attempting to force entry into appellant's habitation. On the contrary, appellant's testimony was that the victim stood outside and called to appellant to come out. Under those circumstances, the charge was not authorized by the evidence. See Code Ann. § 26-903.

4. Appellant's final enumeration of error is that the trial court erred in denying appellant's motion for a directed verdict. That enumeration of error is utterly without merit in light of evidence that the deceased came to appellant's home and created a disturbance, but retreated some distance from appellant's home before appellant shot him several times with a semiautomatic rifle. "The evidence was sufficient to support conviction; therefore, denial of his motion for directed verdict was not error." *Whitehead v. State,* 160 Ga. App. 644 (287 SE2d 648).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED APRIL 9, 1982 —
REHEARING DENIED APRIL 30, 1982 —

Tony L. Axam, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Harvey Moskowitz, Assistant District Attorneys, for appellee.