## 68607. BUTLER v. THE STATE.
(325 SE2d 835)

BIRDSONG, Presiding Judge.

Donald Butler was convicted in a jury trial of two counts of child molestation. He was sentenced to serve concurrently 20-year terms of confinement on each count. Butler brings this appeal enumerating two alleged errors. *Held*:

1. In his first enumeration, Butler argues it was error to grant the State's motion in limine pertaining to the potential evidence of a neighbor of Butler. This neighbor had been convicted of child molestation. Butler's counsel argued that the neighbor knew the victim, the victim had been in the neighbor's presence, and that this neighbor might possess relevant information. The trial court concluded the mere possibility of relevancy when weighed against the neighbor's insistence that he would invoke his rights against incrimination as to any questions concerning molestation rendered any reference to the neighbor wholly irrelevant. Butler now argues that the grant of the motion in limine curtailed his right to meaningful cross-examination and precluded him from a potential defense.

These arguments are without merit. The scope of cross-examination is not without limit. An exercise of discretion by the trial court in excluding irrelevant evidence cannot be error and will not be error in the absence of an abuse of discretion. *Harris v. State*, 160 Ga. App. 47 (1) (285 SE2d 781); *Crawford v. State*, 154 Ga. App. 362, 363 (2) (268 SE2d 414). Under the circumstances of this case, all that was presented to the trial court was speculation and remote possibilities. It was not an abuse of discretion by the trial court to grant the motion in limine. *Gray v. State*, 156 Ga. App. 117, 119 (3) (274 SE2d 115).

2. In his second enumeration, Butler contends the trial court gave an erroneous, misleading and burden-shifting charge. We note that the court gave the jury an extended charge in which the court repeatedly emphasized to the jury and correctly placed the burden on the State to prove guilt beyond a reasonable doubt. At one point in its

charge the court inadvertently stated if "you believe beyond a reasonable doubt that this defendant is not guilty of either or both of these counts, it would then be your duty to acquit. . . ." While we could urge in well-supported reasoning that this was a mere slip of the tongue when the charge is considered in its entirety and thus not prejudicially harmful (*Leonard v. State*, 146 Ga. App. 439, 444 (246 SE2d 450)), an even sounder reason for assigning lack of prejudice to the erroneous charge is based in waiver. When asked by the trial court if there were objections to the charge on any of several grounds, including slip of the tongue, counsel for Butler stated he had no objections at the time that he knew of.

In the first place, the mere insertion of the caveat "at this time" is a far cry from a reservation of objections to a later time, a standard set forth in *Gaither v. State*, 234 Ga. 465, 466 (216 SE2d 324). See also *White v. State*, 243 Ga. 250, 260 (253 SE2d 694). In the absence of a reservation and in the face of the specific inquiry of the trial court, we hold that counsel's statement that he had no objections constitutes a waiver of that portion of the charge to which objection is now, belatedly, made. *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855).

*Judgment affirmed. McMurray, C. J., and Pope, J., concur. Deen, P. J., and Benham, J., concur and concur specially. Beasley, J., concurs specially. Banke, P. J., Carley and Sognier, JJ., dissent.*

Decided December 5, 1984 —
Rehearing denied December 20, 1984 — 

*Timothy S. Minors*, for appellant.
*Arthur E. Mallory III, District Attorney*, for appellee.

Deen, Presiding Judge, concurring specially.

While concurring fully with what is said in the majority opinion, we offer the following additional observations.

### As to the charge

"This instruction was given at the close of a lengthy charge in which the court had correctly given the charge on proof of guilt beyond a reasonable doubt eight times. This incorrect phrase within an otherwise correct statement of law could not have misled the jury where they had previously heard the correct rule over and over again." *Leonard v. State*, 146 Ga. App. 439, 443 (246 SE2d 450). "We are aware of the rule of *Leonard v. State*, 146 Ga. App, 439, 444 (246 SE2d 450), which was also written by the author of this opinion, but under the different facts of that case we found harmless error." *Johnson v. State*, 148 Ga. App. 702, 704 (252 SE2d 205). The instant case

under consideration falls more under the *Leonard* case than within the whole-court-cited *Johnson* case.

I further concur with the majority opinion regarding waiver. When the trial court inquired, "Any slip-of-the-tongue changes or any deletions or additions?", appellant's counsel replied, "I listened as carefully as I could; I have *no exceptions* at this time that I know of." (Emphasis supplied.) Any attempt to reserve objections in the cited response falls far short of the minimum standard set forth in *Gaither v. State*, 234 Ga. 465, 466 (216 SE2d 324), to wit: " 'I will reserve my objections to the charge for motion for new trial.' " See also *White v. State*, 243 Ga. 250 (253 SE2d 694), and *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) reaffirming the rule of *Gaither*.

### As to the evidence

The dissenting opinion states that the evidence is not overwhelming; to this I cannot agree. The evidence is clear, convincing, and perhaps even overwhelming that the defendant actually did molest the child, specifically by having her perform fellatio on two occasions. The child's mother stated that when she was looking for her child in the neighbor's house, the defendant also grabbed her hand and asked her for a kiss.

The defendant testified that he had sexual intercourse with his steady girl friend at least three or four times a week. Thereafter an expert witness on homosexual and heterosexual pedophiles stated that, given defendant's normal sexual activities with his girl friend as related by him, and on the basis of statistical probability projections, these habits would be inconsistent with child molestation and that rarely would the two types of sexual behavior coexist. See *Graham v. State*, 168 Ga. App. 23 (308 SE2d 413) (1983). The expert here was discussing comparative sexual normality, not sexual morality (although the two are frequently inseparable), but the jury may have chosen to disregard the conclusions of the expert and believe the child and her mother.

Even if error existed here, which we hold it does not under the record before us, "it is 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

The judgment of the trial court should be affirmed.

I am authorized to state that Judge Benham joins in this special concurrence.

BEASLEY, Judge, concurring specially.

I agree with the majority. In my opinion there was a waiver. Trial procedure rules and due process recognize that perfection in the con-

duct of a trial cannot be the required standard. A number of mechanisms are provided for correcting errors during trial which, if used properly, will satisfy the goal of a fair and impartial trial and conclude it without retrial.

So, for example, inadmissible evidence can be stricken from the factfinder's consideration. See *Fudge v. State*, 164 Ga. App. 392 (297 SE2d 329) (1982). An attorney's misstatements can be corrected by the court, and counsel can even be reprimanded for wrongful argument in the presence of the jury. See OCGA § 17-8-75; *London v. State*, 142 Ga. App. 426 (236 SE2d 158) (1977); *Fudge v. State*, supra. The harmless error rules also acknowledge the degree to which a trial must reach the ultimate. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Harrington v. California*, 395 U. S. 250 (89 SC 1726, 23 LE2d 284 (1969).

The mechanism for correcting erroneous charges is focused on here. By it, the parties are given an opportunity not only to submit requested charges to the court before it instructs the jury, but also to ask for revision of the charge immediately after it is given, when error is noted about which the party may have an objection. The object of this mechanism, of course, is to bring to the attention of the court that the party is dissatisfied with the instructions to the jury with respect to the law to be applied, and to correct the instruction if in fact it was erroneous. Correcting the charge thus immediately rectifies the wrong, before the jury begins deliberations, and gives the objecting party instant relief. The trial, which the parties and the court and the jury have labored over and has now reached the stage when the jury will labor more intensely, is thus saved from reversal and repetition.

To allow the language used by counsel in this case to preserve the right to make objections to the charge long after the jury has reached its verdict and the case is over, in effect eliminates this mechanism of adjustment. It will permit counsel to choose to not even listen carefully to the charge but simply wait to pore over it at a later time when the damage cannot be undone except by way of a new trial. It prevents correction at the time when counsel has a full opportunity to hear and consider the charge and object to it.

This particular mechanism for correcting errors as the trial progresses is being removed and a greater degree of original perfection is being imposed, requiring even the most careful judge not to fumble with a slip of the tongue. For counsel to simply say "at this time" I have no objections to what has been charged to the jury, in response to the court's inquiry and invitation, allows avoidance of the shared responsibility to assure that the jury is properly instructed, to the extent of defendant's rights in the matter. Counsel will simply be permitted to side-step the issue.

Nor do I believe the slip of the tongue was harmful here. Apparently the jury was not confused about it because it did not ask for further instructions. If it had even thought about it, it would realize the inconsistency with the beginning instructions and so probably ask for clarification. But it did not indicate that it was confused.

Here the error was not contained in the lengthy charge focusing the jury's attention on the subject of the burden of proof, which charge fully and correctly dealt with that subject. Rather the error was made in a peripheral way, in the context of a procedural and mechanical aspect, when the focus was on the verdict form.

SOGNIER, Judge, dissenting.

I respectfully dissent. While the charge complained of was conceivably a "slip of the tongue," it was an incorrect statement of the law likely to confuse the jury and placed a burden on appellant which the law does not impose. *Chambers v. State,* 127 Ga. App. 196, 200 (5) (192 SE2d 916) (1972); *Bush v. State,* 129 Ga. App. 160, 161 (2) (199 SE2d 121) (1973). The court did not retract the charge or call the jury's attention to the error in any other manner. Where a judge gives a correct charge on an issue involved in a criminal case followed by a further instruction on the same issue which is misleading and confusing to the jury, and fails to withdraw the incorrect charge and call the jury's attention to its withdrawal, error results. *Reece v. State,* 210 Ga. 578, 579 (2 (a)) (82 SE2d 10) (1954); *Wells v. State,* 126 Ga. App. 130, 131 (1) (190 SE2d 106) (1972). Such error cannot be held harmless in view of the fact that the evidence adduced at trial, while sufficient to support the verdict, was not overwhelming.

Next we must consider whether appellant waived his right to raise the issue of an erroneous charge on appeal by failing to object to the charge or to reserve exceptions to the charge. "The general rule in this state is that defendants in criminal cases are not required to except to the jury charge to preserve error for appeal. Code Ann. § 70-207 (a). The right to raise an erroneous charge on appeal may be lost only in certain well-defined instances, as where a defendant's tactical trial plan justifies a finding of procedural default, *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), where error in the charge is induced by the actions of defense counsel, *Edwards v. State,* 235 Ga. 603 (221 SE2d 28) (1975), or where defense counsel in response to an inquiry by the trial judge plainly states that he has no objections to the charge as given. *Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980)." *Lumpkin v. State,* 249 Ga. 834, 835 (1) (295 SE2d 86) (1982); OCGA § 5-5-24 (a). The trial counsel did not plainly state that he had no objections to the charge as given. Hence, I do not believe appellant waived his right to raise this issue on appeal. Accordingly, I would reverse.

I am authorized to state that Presiding Judge Banke and Judge Carley join in this dissent.