72650, 72713. DAVIS v. THE STATE (two cases).
(351 SE2d 458)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of two counts of violation of the Georgia Controlled Substances Act (possession with intent to distribute Phentermine (Count 1) and cocaine (Count 2)). In the companion case defendant appeals from the denial of his motion for supersedeas bond pending appeal. *Held:*

1. Defendant contends that the State failed to prove venue as to Count 2. Gantt, a former deputy sheriff testified that while working undercover he purchased the cocaine from defendant at his house. The crux of defendant's argument is whether the State proved that defendant's house was located in Paulding County.

When asked whether defendant's house was in Paulding County, the former deputy sheriff responded, "Yes, sir. I believe it's Paulding County area." Defendant argues that testimony that the crime occurred in the Paulding County *area* is not evidence of venue *in* Paulding County. However, the former deputy sheriff had previously responded affirmatively to a query as to his having "had an occasion to go by the defendant's house here in Paulding County." Slight evidence is sufficient to establish venue where there is no conflicting evidence. See *Ludden v. State,* 176 Ga. App. 109, 111 (3) (335 SE2d 428); *Cole v. State,* 162 Ga. App. 353 (1) (291 SE2d 427); and *Jones v. State,* 245 Ga. 592, 596 (2) (266 SE2d 201). Venue is a question to be decided by the jury and its decision will not be set aside if there is evidence to support it. *Jones v. State,* 245 Ga. 592, supra. As there is

uncontradicted proof of venue in Paulding County this enumeration of error is without merit.

2. Count 1 of the indictment charged that defendant did "deliver, distribute and possess with intent to distribute," a controlled substance. Count 2 of the indictment charged that defendant did "deliver, distribute, sell and possess with intent to distribute" a controlled substance. Defendant complains that the trial court charged only as to "possession with intent to distribute" and did not charge the jury as to the other means by which the crimes charged could be accomplished. Thus, defendant argues the charges were not tailored to fit the charges in the indictment.

The trial court's duty in delivering charges to the jury is to tailor those charges not only to the indictment but also adjust them to the evidence at trial. See *Crosby v. State*, 150 Ga. App. 555, 557 (2) (258 SE2d 264); *State v. Braddy*, 254 Ga. 366, 368 (330 SE2d 338). Any instructions should stand upon a base founded in evidence or lack thereof. *Stanley v. State*, 153 Ga. App. 42, 45 (6), 46 (264 SE2d 533); *Crosby v. State*, 150 Ga. App. 555, 557 (2), supra. We find that the trial court's charge is authorized by the evidence presented at trial. Furthermore, as the trial court's omission from its charge of several modes of commission of the crimes charged was advantageous to defendant, any error in this regard was harmless. *Durham v. State*, 138 Ga. 817 (4) (76 SE 351).

3. Defendant's fourth enumeration of error complains of allegedly improper remarks made by the district attorney at trial before the jury. However, no objection was made at trial and we are unable to consider these contentions raised for the first time on appeal. *Harvard v. State*, 162 Ga. App. 218, 219 (2) (290 SE2d 202).

4. In a *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) motion defendant requested that the State disclose all records of funds provided to former deputy sheriff Gantt for purchase of drugs. The trial court denied this portion of defendant's motion and defendant enumerates this decision as error. However, the defendant has failed to show any way in which his defense was materially prejudiced by the trial court's ruling or indeed that any exculpatory material was withheld. *Upshaw v. State*, 172 Ga. App. 671, 672 (1) (324 SE2d 529); *Barnes v. State*, 157 Ga. App. 582, 584 (2) (277 SE2d 916); *Heard v. State*, 170 Ga. App. 130, 132 (5) (316 SE2d 504).

5. Defendant contends that the trial court erred in restricting his cross-examination of former deputy sheriff Gantt as to the ownership of an automobile driven by Gantt. Outside the presence of the jury it was disclosed that Gantt was "presently with the FBI and DEA in a pending investigation" and would prefer not to disclose the ownership or intended use of the automobile. Defendant contends that due to evidence of the deputy sheriff's financial difficulties the ownership of

the automobile was relevant to the witness' credibility. We do not agree. Law enforcement officers are commonly paid a salary and furnished with automobiles. Their dependence on such does not open the door to irrelevant inquiries. "An exercise of discretion by the trial court in excluding irrelevant evidence cannot be error and will not be error in the absence of an abuse of discretion. *Harris v. State*, 160 Ga. App. 47 (1) (285 SE2d 781); *Crawford v. State*, 154 Ga. App. 362, 363 (2) (268 SE2d 414)." *Butler v. State*, 173 Ga. App. 168 (1) (325 SE2d 835).

6. In his seventh enumeration of error defendant raises the sufficiency of the evidence. The State's evidence shows that defendant gave former deputy sheriff Gantt a capsule of Phentermine and that on a separate occasion the deputy sheriff purchased cocaine from defendant.

Defendant argues that the deputy sheriff has been impeached in a number of ways and that as a matter of law the testimony of the deputy sheriff cannot be believed or considered. However, the question of whether a witness has been impeached and other matters as to credibility are for the jury. We find that any rational trier of fact could reasonably have found from the evidence adduced at trial proof of defendant's guilt beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Johnson v. State*, 179 Ga. App. 467, 469 (7) (346 SE2d 903).

7. The trial court did not err in refusing to give defendant's requested "Charge No. 26 in regard to the law of the crime of bad check." Defendant incorrectly argues that the bad check statute (OCGA § 16-9-20) is relevant to the matter of impeachment of former deputy sheriff Gantt. However, the uncontroverted evidence shows that former deputy sheriff Gantt was never arrested, charged or indicted for the offense of criminal issuance of a bad check. This enumeration of error is without merit.

8. Defendant contends the trial court erred in failing to give his requested charges based on OCGA § 45-12-37 dealing with financial rewards for persons furnishing information leading to the arrest and conviction of persons for selling illegal drugs. A similar charge was given by the trial court which provided the jury with substantially the same information as to the financial rewards available to the witnesses. Defendant argues that the jurors should have been informed of the financial rewards available to the witnesses in order to determine the credibility of the witnesses. The charge given by the trial court was more than adequate for this purpose. This enumeration of error is without merit. *Cohran v. State*, 141 Ga. App. 4, 5 (232 SE2d 355); *Kelly v. State*, 241 Ga. 190, 192 (243 SE2d 587).

9. The trial court did not err in charging as to circumstantial evidence. *Barnes v. State*, 171 Ga. App. 478, 482 (4) (320 SE2d 597).

10. In the companion case defendant enumerates as error the denial of his motion for supersedeas bond pending appeal and the underlying factual findings. There was compliance with the applicable procedure set forth in *Birge v. State*, 238 Ga. 88 (230 SE2d 895), and we find no abuse of the trial court's discretion in denying an appeal bond on the ground that defendant was likely to commit a serious crime and that defendant was likely to intimidate a witness. See *McCoy v. State*, 174 Ga. App. 621, 624 (5) (330 SE2d 746).

*Judgments affirmed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 4, 1986 —
REHEARING DENIED NOVEMBER 21, 1986 — 

*Adele P. Grubbs*, for appellant.
*William A. Foster III, District Attorney, Christene Daniel, Assistant District Attorney*, for appellee.