### 866.  GRIFFIN *v.* THE STATE.

HILL, C. J.  1. An accusation in a city court can be legally based upon an affidavit made before a magistrate for the purpose of procuring a warrant for the arrest of the accused. This would be a sufficient compliance with an act creating a city court, which requires that defendants in criminal cases in that court shall be tried on "a written accusation,

setting forth plainly the offense charged, founded upon the affidavit of the prosecutor." *Wright* v. *Davis,* 120 *Ga.* 676 (48 S. E. 170).

2. In the trial of a criminal case, where the accused fails to make a statement, it is improper and prejudicial for the State's counsel to say in his argument to the jury: ' "Gentlemen, the defendant never even went upon the stand and denied that he had cheated and defrauded Mr. Lewis [the prosecutor]. He hasn't got a line of evidence here denying his guilt." Counsel for the accused having at once objected to this comment, and moved for a mistrial, it should have been granted, unless the court, by appropriate instructions, obviated any injurious effects to the accused from the remarks made; and the refusal by the court to grant a mistrial and the failure to give such instructions to the jury is ground for a new trial. *Minor* v. *State,* 120 *Ga.* 490 (48 S. E. 198) ; *Odell* v. *State,* 120 *Ga.* 152 (47 S. E. 577) ; *Bird* v. *State,* 50 *Ga.* 585 ; *Robinson* v. *State,* 82 *Ga.* 535 (9 S. E. 528).

3. The giving of a second mortgage on personal property, without disclosing the existence of the first mortgage, where no representation of the non-existence of the first mortgage is made, is not sufficient to constitute the offense of cheating and swindling, under any special section of the Penal Code, nor under the general section 670. And where the evidence for the State discloses that the mortgagor, at the time of executing the second mortgage, was not interrogated as to the existence of any other lien upon the property mortgaged, and made no representation on the subject, simply stating to the mortgagee that the title to the mortgaged property was in him, a conviction of a violation of section 670 was without any evidence to support it, and the verdict must be set aside as unauthorized by law.          *Judgment reversed.*

Accusation of cheating and swindling, from city court of Fayetteville—Judge Hollingsworth. November 20, 1907.

Submitted January 13,—Decided January 27, 1907.

*Daley & Chambers, Blalock & Culpepper,* for plaintiff in error.

*T. V. Lester,* solicitor, *J. W. Wise,* contra.

---

880.   CARTER *v.* THE STATE.