## 28981. NEALEY v. THE STATE.

PER CURIAM.

This is an appeal from convictions for rape and aggravated sodomy. The appellant was found guilty by a jury and sentenced to life imprisonment on the rape charge and twenty years on the aggravated sodomy charge.

Prior to the trial the appellant filed a written motion to suppress evidence obtained by the state pursuant to searches and seizures without a warrant. The trial judge denied the motion to suppress, and the evidence sought to be suppressed was later admitted into evidence at the trial over appellant's objection. The evidence sought to be suppressed consisted of the glasses of the victim, a portion of a couch, a blood sample, a baseball bat, the victim's sweater, a towel, and a mattress.

After the victim had reported the alleged crimes the

appellant was arrested by law enforcement officers without a warrant at a cabin owned by one of his relatives. After his arrest the appellant was immediately taken to jail, and after he was incarcerated the officers returned to the cabin that same night and on the following day and procured the items sought to be suppressed from the cabin and its premises. It is conceded that no warrant was obtained for the search.

At the suppression hearing the appellant testified that he did not own the cabin from which the evidence was procured, but that he had authorization from his relative to use the cabin and that he was using the cabin at the time he was arrested.

Code Ann. § 27-313 provides that "A defendant aggrieved by an unlawful search and seizure may move the court . . . to suppress as evidence anything so obtained on the grounds that: (1) the search and seizure without a warrant was illegal." Paragraph (b) of this statute also provides that the burden of proving that the search and seizure were lawful shall be on the state.

The evidence in the record shows that the appellant was "a defendant aggrieved by an unlawful search and seizure," and we do not find any evidence in the record to refute his testimony at the suppression hearing that he had authority to use the cabin that was searched. Under this record we must hold that the appellant had "standing" to rely on the constitutional prohibition against unlawful searches and seizures.

We therefore hold that the overruling of the motion to suppress and the admission of the evidence sought to be suppressed at the trial over objection was erroneous.

That brings us to the primary argument of the state upon this appeal: Even if the evidence sought to be suppressed was erroneously admitted into evidence, such admission amounted, at the most, to harmless error that would not require a reversal in this case.

There is no question in this case about the identity of the appellant and the fact that the victim was present with him at the cabin over a period of hours at the time the alleged crimes occurred. The issue was whether the victim was present at the cabin by consent or by the use of force administered by the appellant.

On this issue we have reviewed the testimony of five witnesses, Lloyd F. Cochran, Mrs. Shirley Long, Ermel Lambert, Mrs. Sandra Lambert, and Dr. John R. Andrews. Their testimony was untainted, and we conclude that it was so "overwhelming" on the issue for decision by the jury that the erroneous admission of the physical evidence sought to be suppressed was harmless beyond a reasonable doubt in this case. See Harrington v. California, 395 U. S. 250 (89 SC 1726, 23 LE2d 284). In short, we hold that the improper admission of the physical evidence sought to be suppressed did not affect the substantial rights of the appellant in this case.

We have examined the other enumerated errors, and we find them to be without merit.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents.*

SUBMITTED JUNE 28, 1974 — DECIDED DECEMBER 3, 1974.

*Spence, Garrett & Spence, D. William Garrett, Jr.,* for appellant.

*C. B. Holcomb, District Attorney, Arthur K. Bolton, Attorney General, Thomas P. Burke, Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting.

I am of the opinion that the physical evidence sought to be suppressed and admitted over objection in this case was not harmless beyond a reasonable doubt. I would reverse the judgment of conviction so that a new trial could be conducted free from the improperly admitted physical evidence. I think that the admitted evidence was harmful to the appellant on his first trial, and I further think that the application of the "harmless error" rule in suppression cases renders the exclusionary rule, for all practical purposes, impotent. I respectfully dissent.