## 55802. PULLEN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant was charged with the offense of murder. He appeals his conviction of manslaughter. *Held:*

1. Defendant's enumerations of error 1, 2, 4 and 5 are interrelated and will be discussed together. After defendant had been advised of his Miranda rights he gave a statement to the police which was taped. The tape was

lost and defense counsel made such statements when questioning a police officer as: ". . . isn't [the tape] the key to this case as to what was said, and you are telling this jury here that you fellows lost the tape . . . so if the tape could be [found] — the jury could sit there and listen to determine the accuracy of the statement which was made to you. . . . You said [the defendant told you] . . . I don't know which hand grabbed the gun . . . a few minutes ago [you testified the defendant] told you that the deceased used his right hand to grab the gun . . . Naturally the tapes would resolve the whole issue, wouldn't it?" Shortly thereafter, the district attorney announced the missing tapes had been found. He referred to this statement as a "confession." Defense counsel moved for a mistrial. The court denied the motion and instructed the jury that the characterization of the statement as a confession was improper, they should disregard the statement of the district attorney, and the jury would decide "what the statements do and do not import, and whether or not they amount to an incriminatory admission."

Defendant contends the court erred in failing to grant a mistrial, and a new trial, and in instructing the court as he did. Where counsel makes an improper statement in the hearing of the jury it is the duty of the court to rebuke counsel and instruct the jury so as to remove the improper impression, or — in his discretion he may order a mistrial. Code § 81-1009; London v. State, 142 Ga. App. 426 (1) (236 SE2d 158).

Our Supreme Court has held that where the trial court acts immediately to correctly charge the jury to disregard such statement and takes such action as in his judgment will prevent harm to an accused, a new trial will not be granted unless it is clear that his action failed to eliminate from the consideration of the jury such improper remark. Spell v. State, 225 Ga. 705, 709 (171 SE2d 285). Where such instructions by the court to the jury "was full," it amounted to a rebuke of counsel. Id. Counts v. Moorehead, 232 Ga. 220 (1) (206 SE2d 40). The court correctly instructed the jury to disregard and asked them to determine whether the defendant's statement amounted to an incriminatory admission. See Clanton v. State, 137 Ga. App. 376 (1) (224 SE2d 58). The instruction

was full and correct. In any event, we can find no prejudice to a defendant when a court instructs the jury that it is their responsibility to determine whether his statement was incriminating. Further, it is highly probable this alleged error did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). These enumerations of error are without merit.

2. Enumeration of Error 9 avers error in the denial of defendant's motion for new trial. Enumeration 10 also alleges that the trial court erred in failing to strike 15 subparagraphs of the court's order in denying the motion for new trial. A review of the evidence discloses ample support for the verdict. Thus, the general grounds are without merit.

The special grounds enumerated in defendant's motion before the trial court are substantially the same as the first eight grounds of error enumerated to this court. The trial court's order stated the basis for its denial of the motion. Defendant contends the bases stated are "untrue, scandalous and are not contained in the trial transcript."

Some of the subparagraphs referred to deal with remarks of the defense counsel in opening and closing statements. Those statements were not transcribed. The trial judge signed the first order and made several changes in a subsequent order but did not fully comply with counsel's motion. Defense counsel has offered naught but argument. "In the absence of a transcript, we must assume the evidence supports the judgment of the court." *Butler v. Butler,* 238 Ga. 198 (232 SE2d 246); *Robinson v. Robinson,* 239 Ga. 323 (2) (236 SE2d 660). As to those bases predicated upon the transcript, we find there is support for the conclusions and opinions of the court stated in the order. We find no error in a trial court stating the reason for a ruling in his order and counsel has not directed our attention to citation of authority so holding. His reliance upon *Patterson v. State,* 124 Ga. 408 (52 SE 534) and *Ga. Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384), is misplaced. Both cases deal with introduction of new evidence by counsel during argument before a jury. Those holdings would not prevent a trial court from stating the reason for his ruling in court, nor in his order when ruling on a motion for a new trial. Insofar as

defendant contends such facts were not in the record, we cannot resolve issues at the appellate level, but "[w]here the correctness of the record is called into question the matter is to be resolved by the trial court." *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612). The trial court ruled against the defendant. These enumerations are without merit.

3. The defendant alleges that the trial court erred in failing to charge the jury on "accident" and "involuntary manslaughter" and in charging the jury that the homicide was justifiable under the law when in fact the defendant defended "on the ground of accident and self-defense in that he did not intend to shoot or hurt anyone."

It is the duty of the court to charge the jury as to every material, substantial issue in the case, when it is supported by the evidence. *McNeill v. State.* 135 Ga. App. 876, 878 (219 SE2d 613); *Franklin v. State,* 136 Ga. App. 47 (2) (220 SE2d 60). 1 Reid's Branson Instructions to Juries 171, § 53 (1). "It is the province of the court to determine whether there is foundation in the evidence for any particular instruction . . ." 1 Blashfield's Instructions to Juries 191, § 86. Absent abuse of discretion, this court will not interfere with the trial court's finding.

The instructions of the court should cover contentions made and argued before the jury — if they are supported by the evidence. 1 Reid's Branson Instructions to Juries 172, § 53 (1). However, where defendant's theories of his defense are made in the opening and closing argument of defendant's counsel and are not recorded we must rely upon the trial judge and will assume he performed his duty properly and the evidence supported the giving of the instruction. In the past this court has referred to defendant's requests for instructions (*State v. Frazier,* 141 Ga. App. 501, 502 (233 SE2d 868)) to resolve enumerations of error on appeal. Thus, we can refer to the record as well as the transcript when resolving issues regarding enumerations of error relating to instructions of the court.

In the instant record the trial court's order contains the reasons for his denial of a new trial. One of his findings was that the defense counsel informed the jury in opening

argument that the defendant was "justified in killing the deceased based upon his contention of self-defense," and defense counsel's "closing argument related exclusively to justification through self-defense . . ."

An accused should have the jury instructed on his principal theory of defense — when it is supported by the evidence. And it is error for the court to fail to instruct on the sole theory of defense, even without a request. *Pollard v. State,* 236 Ga. 587 (224 SE2d 420). However, as argued on appeal, "accident" was not defendant's sole or even his principal theory of defense. It was justification through self-defense.

There is no evidence that the defendant requested a charge on either "accident" or "involuntary manslaughter." The failure to charge on the lesser offense of involuntary manslaughter, without a written request, is not error. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354).

It is evident that defense counsel followed a trial tactic in pursuing a theory of defense that was not successful. On appeal he now pursues another theory — "accident." A defendant will not be permitted to claim error when he selects a specific defense theory to pursue at trial to the exclusion of other possible defenses which may or may not be supported by the evidence, and after casting his lot with that theory of defense — and not requesting instructions on other theories which find some support in the evidence, complain for the first time at the appellate level that the trial court erred in failing to instruct on a possible alternative theory — although the court instructed on defendant's principal theory of defense. Cf. *Wyatt v. State,* 206 Ga. 613 (3) (57 SE2d 914). Accord, *Driver v. State,* 194 Ga. 561 (1) (22 SE2d 83); *Hilburn v. Hilburn,* 210 Ga. 497 (5) (81 SE2d 1). Although we can appreciate defense counsel's predicament of arguing to a jury for an acquittal on the theory of self-defense, i.e., "such threat or force is necessary to defend himself"(CCG § 26-902 (a); Code Ann. § 26-902 (a) (Ga. L. 1968, pp. 1249, 1272)) while presenting his second theory of "accident" if the jury found self-defense was not necessary, we will not relieve him of his responsibility for choosing one theory of defense over a second incompatible theory of defense. This is a reasoned trial tactic and amounts to counsel-induced

error for "[a] defendant will not be allowed to induce an asserted error, sit silently by hoping for an acquittal, and obtain a new trial when that tactic fails." *Jackson v. State,* 234 Ga. 549, 553 (216 SE2d 834). If defendant desires instructions on possible defenses ancillary to his principal theory, he should request it in writing to the court. "[W]hen a criminal defendant fails to request a charge, or fails to object to the trial court's *omission to charge,* such failure to request or object has been decisive against him." *Thomas v. State,* 234 Ga. 615, 618 (216 SE2d 859). We find no error as to Enumerations 3, 6, 7 and 8.

4. The trial court did not err in recharging the jury in accordance with its request to repeat "the *definition that you gave . . .*concerning murder and the degrees of manslaughter . . ." (Emphasis supplied.) When he had finished the court asked: "Now, is there any other principle that you wish to hear? The Foreman: That's all that was requested, sir." There was no objection by counsel and no request for further instructions. If counsel desired further elaboration he should have requested it. *Thomas v. State,* 234 Ga. 615, supra. Failure to instruct on the lesser offense of manslaughter, without request of the jury or the defendant, was not error. *State v. Stonaker,* 236 Ga. 1, supra; *Tennon v. State,* 235 Ga. 594 (3) (220 SE2d 914).

5. The defendant contends it was error for the trial judge to include in his order of March 7, 1978, which amended the previous order of the court on the motion for new trial, the statement that "accident is not an issue in that defendant testified that he killed the deceased in self-defense and not accidentally."

There is some evidence that could be interpreted as a basis for accidental firing of the weapon. The defendant testified that deceased grabbed "[m]y hand, like this, the gun (No further description for the record) . . . I went back . . . And, then that's when the shot was fired real fast." However, defense counsel also asked the defendant "Why was it necessary to shoot twice, do you know? A. It happened so fast, you know. I really didn't intend to kill anybody, you know." It was defendant's counsel who raised the theory that "it was necessary to shoot twice." Necessity to shoot is compatible with the theory of

self-defense. Necessity is the antithesis of accident. The trial court's finding is supported by the evidence of record. We find no prejudice to defendant from the trial court stating his reason for denial of defendant's motion for new trial.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED MAY 3, 1978 — DECIDED JUNE 15, 1978 — REHEARING DENIED JULY 13, 1978 — 

*Richard R. Kirby, Charles E. Muskett,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.