### 58582. VERNON v. THE STATE.

CARLEY, Judge.

Vernon was indicted for burglary with three co-defendants and tried separately. At the trial two of the co-defendants testified that they had broken into a drug store in Blue Ridge, Georgia and taken drugs and money; and that Vernon, who had planned the burglary and enlisted their help, circled the block in his car while they entered the store. Testimony of the co-defendants was also corroborated by that of the owner of the drug store, investigating officers and introduction of physical evidence which had been described in prior statements and during trial. The jury returned a guilty verdict and Vernon was sentenced to ten years, three years to be served on probation. He appeals, enumerating as error (1) the general grounds of insufficiency of the evidence to support the verdict and (2) failure of the trial judge to grant a motion for mistrial based on allegedly prejudicial questions asked by the district attorney.

1. The evidence amply corroborated the testimony of the accomplices that Vernon initiated and participated in the burglary. See *Phillips v. State,* 148 Ga. App. 174, 175 (4) (251 SE2d 128) (1978); *Bradley v. State,* 148 Ga. App. 722 (1) (252 SE2d 648) (1979) and cits. After a review of the

entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560). Accordingly, the enumeration of error based on the general grounds is without merit.

2. Vernon complains that the district attorney's improper examination of witnesses on two occasions constituted grounds for a mistrial. The first incident arose when the district attorney asked a defense witness if she knew where her husband had met the appellant and then suggested, "Could it have been in prison?" Defense counsel interjected, "Your Honor, Mr. Vernon has never been in prison," and then asked "May I make a Motion for Mistrial?" The jury was retired and defense counsel moved to dismiss the indictment and again for mistrial. The district attorney explained that he knew the witness' husband had been in prison and meant no implication that the appellant was ever in prison. The judge denied both motions and recalled the jury, at which time he gave the jury exceedingly full and complete corrective instructions.

"Where counsel makes an improper statement in the hearing of the jury it is the duty of the court to rebuke counsel and instruct the jury so as to remove the improper impression, or—in his discretion he may order a mistrial. Code § 81-1009; *London v. State,* 142 Ga. App. 426 (1) (236 SE2d 158).

"Our Supreme Court has held that where the trial court acts immediately to correctly charge the jury to disregard such statement and takes such action as in his judgment will prevent harm to an accused, a new trial will not be granted unless it is clear that his action failed to eliminate from the consideration of the jury such improper remark. [Cit.] Where such instructions by the court to the jury 'was full,' it amounted to a rebuke of counsel. [Cit.] . . . The instruction was full and correct." *Pullen v. State,* 146 Ga. App. 665, 666 (1) (247 SE2d 128) (1978).

The other elicitation of testimony attacked by Vernon occurred when the district attorney asked one of the co-defendants who was testifying for the state if he

knew what Vernon's general reputation was in the community. Receiving a negative reply, he asked, "Jeff, have you heard that Mr. Vernon was arrested for bank robbery?" The witness responded "Yes, sir." The appellant's attorney objected, and the court sustained the objection and asked the jury to retire. The court then admonished the district attorney and there was an extended colloquy as to the prejudicial effect of the question, but no motion for mistrial was made by defense counsel. In fact, at the close of the discussion when asked by the judge if he had further authority to cite, defense counsel replied that he did not and believed the district attorney had withdrawn the question anyway and the district attorney agreed that he had done so. "[T]he judge was not required to grant a mistrial on his own motion where defense counsel [waived his objection] and failed to specify what further form of relief, if any, was desired. [Cit.]" *Mathis v. State,* 136 Ga. App. 701, 702 (2) (222 SE2d 647) (1975). See also *Lofton v. State,* 142 Ga. App. 579 (236 SE2d 508) (1977); *International &c. Local 387 v. Moore,* 149 Ga. App. 431, 433 (5), 434 (7) (254 SE2d 438) (1979); *Crowder v. State,* 233 Ga. 789, 790 (2, 3) (213 SE2d 620) (1975). No reversible error appearing for any reason asserted, the judgment is affirmed.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

Submitted September 6, 1979 — Decided November 30, 1979.

*P. T. McCutchen,* for appellant.
*Frank C. Mills, III,* District Attorney, *J. Britten Miller, Jr.,* Assistant District Attorney, for appellee.