## 59261. SHARP v. THE STATE.

CARLEY, Judge.

In appealing the trial court's judgment entered on a verdict finding appellant guilty of theft by taking, appellant enumerates only the failure of the trial court to grant a mistrial. The basis of appellant's motion for mistrial was allegedly improper remarks by the solicitor in his closing argument. According to appellant — there being no transcript of the argument — the solicitor stated "I believe he was there snatching pocketbooks."

Since the record contains neither a transcript of the argument nor a stipulation as to the exact comments of the solicitor, it is not clear that this enumeration is subject to our review. See *Montgomery v. State,* 140 Ga. App. 286 (231 SE2d 108) (1976). However, even accepting appellant's version of the purportedly prejudicial comments, the trial court committed no error in failing to grant a mistrial. "It is permissible for the district attorney in his argument to draw deductions from the evidence which may be even illogical, unreasonable or even absurd." *Dudley v. State,* 148 Ga. App. 560, 563 (251 SE2d

815) (1978). See also *Alexander v. State,* 150 Ga. App. 41 (256 SE2d 649) (1979).

Furthermore, upon appellant's moving for a mistrial, the trial court immediately instructed the jury that it should disregard any expressions of opinion by the solicitor. "Whether to grant a mistrial after taking precautionary measures is within the court's discretion. Code Ann. § 81-1009. *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974); *James v. State,* 215 Ga. 213 (109 SE2d 735) (1959)." *Green v. State,* 242 Ga. 261, 266 (249 SE2d 1) (1978). The trial court did not abuse its discretion in refusing to grant a mistrial in this case.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JANUARY 9, 1980 — DECIDED FEBRUARY 14, 1980.

*Guy B. Scott, Jr.,* for appellant.
*Ken Stula, Solicitor,* for appellee.