## 60934. ROBERSON v. THE STATE.

SHULMAN, Presiding Judge.

Appellant brings this appeal from his conviction of one count of armed robbery. We affirm.

1. Appellant first enumerates as error the denial of his motion for a mistrial made immediately after the prosecuting attorney, on cross examination, asked the appellant's brother the following question: "Back before you got committed for this pimping conviction you were out selling the services of white women; weren't you?" Appellant contends that this question constituted a deliberate and successful attempt on the part of the prosecuting attorney to inject racial prejudice into his trial, since both appellant and the witness are black.

We acknowledge the fact that the prosecuting attorney's reference to "selling the services of white women" was highly improper. However, we cannot agree that this question, standing alone, was so likely to prejudice appellant's right to a fair trial that reversal is required. Counsel for the appellant immediately objected to the offensive question. The trial court sustained the objection and instructed the jury to disregard the prosecuting attorney's inquiry. Counsel for appellant requested that the jury be removed and then moved for a mistrial. The trial court denied the motion but made the following statement to the jury upon its return: "Ladies and Gentlemen, I admonish you to completely and totally disregard the last question propounded by the assistant district attorney. It was an improper question. He should not have asked it. I don't want you to consider it as evidence in this case and [it] isn't something you could base a verdict upon." Taking into careful consideration the nature of the prosecuting attorney's admittedly improper statement and the cautionary instructions concerning that statement given immediately thereafter by the trial court, we find that the court did not abuse its discretion in denying appellant's motion for mistrial. Code Ann. § 81-1009; *Pullen v. State,* 146 Ga. App. 665 (1) (247 SE2d 128).

2. In his second enumeration of error appellant contends that the trial court erred in "failing to declare a mistrial as a result of State counsel's consistent interjection of appellant's character into the trial." Appellant cites two remarks of the prosecuting attorney which, according to appellant, impermissibly placed his character in issue. The record discloses, however, that appellant did *not* move for a mistrial after either of the remarks in question. " 'A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion

either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' [Cits.]" *Carroll v. State,* 147 Ga. App. 332, 335 (248 SE2d 702). Appellant's second enumeration is without merit.

3. Appellant next asserts error in the failure of the trial court to grant the continuance requested by appellant's trial counsel immediately before the commencement of the trial. The record discloses that appellant's trial counsel was retained on January 12, 1978; discharged on April 6, 1978; and again retained by appellant on April 16, 1978, the day before the trial began. Under these circumstances we hold that the trial court did not abuse its discretion in denying the motion for continuance. See *Huckaby v. State,* 127 Ga. App. 439 (1) (194 SE2d 119).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1981 —

*Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.