## 70951. ACIERNO v. THE STATE.
### (337 SE2d 39)

BANKE, Chief Judge.

The appellant, Veronica Acierno, was jointly tried with Lee Pipkins on a 4-count indictment charging them with unlawful possession of the drugs diazepam, cocaine, dyclonine, and lidocaine, with intent to distribute. Pipkins moved for and was granted a directed verdict of acquittal at the close of the evidence, while the appellant was convicted on all four counts. This appeal followed.

At about 11:00 p.m. on the night of January 2, 1984, two Gwinnett County police officers, responding to a report of a disturbance at an establishment called Bennigan's on Jimmy Carter Boulevard, arrived at the establishment and confronted one Jerry Harris, who appeared to have been in a fight. Harris testified at trial that he had been drinking and watching football at Bennigan's since 1:30 p.m. that afternoon and had made the acquaintance of another patron who asked him if he "would like to go over to a girl's apartment." Harris accepted the invitation and, upon his arrival at the apartment, was introduced to a woman named Veronica. Harris testified that he saw this woman go to a closet door, unlock it with a set of keys, and return with some cocaine on a small mirror. Harris' acquaintance from Bennigan's offered to pay for the cocaine if Harris would pay him back when they returned to Bennigan's, and Harris agreed. Harris testified that he inhaled the cocaine and also accepted two white pills offered to him which were marked "Lemmon 714." Upon their return to Bennigan's, Harris told his companion he had no money to give him for the drugs, thereby prompting the disturbance which led to the summoning of the police.

Based on information provided by Harris, the police obtained a warrant for the search of the appellant's apartment, and upon executing the warrant, seized from a locked utility closet the drugs which were the subject of the indictment. Also seized from the closet at this time were an assortment of small amber vials, plastic baggies, straws, razorblades, some cash, the appellant's passport, and a ledger book containing what could reasonably be interpreted as a record of drug sales to various individuals. The appellant and co-defendant Pipkins were both present at the apartment when the search was conducted

and were both arrested at this time. However, no contraband was found on the immediate person of either of them. *Held:*

1. The appellant contends that the state's attorney improperly disclosed to the jury during his opening statement that she had exercised her right to remain silent at the time of her arrest. She further contends that during closing argument improper reference was made to her failure to take the witness stand on her own behalf. However, in neither instance did defense counsel move for a mistrial or request that any corrective instructions be given to the jury. Accordingly, the statements in question establish no ground for reversal. See generally *Keen v. State*, 164 Ga. App. 81, 88 (296 SE2d 91) (1982); *Roberson v. State*, 157 Ga. App. 60 (2) (276 SE2d 114) (1981).

2. The appellant contends the court further erred in allowing the state to argue certain facts allegedly not in evidence which had the effect of impugning her character before the jury. Although appellant's counsel did interpose an objection to the offending comments in this instance, he again failed to move for a mistrial or request curative instructions. Accordingly, this enumeration of error also establishes no ground for reversal. See *Keen v. State*, supra; *Roberson v. State*, supra.

3. The appellant contends she was denied effective legal representation due to a conflict which developed during the trial between her retained counsel's obligations to her and his obligations to her co-defendant, Pipkins, whom he was also representing. As previously indicated, the trial court granted a directed verdict to Pipkins based on the absence of any evidence connecting him with the drugs found in the utility closet. The appellant contends on appeal that it *may* have been in her interest to testify against Pipkins on this issue but that she *may* have been prevented from doing so because of her attorney's joint representation of Pipkins. We find this argument to be without merit. The appellant's connection with and control over the drugs was established by overwhelming evidence showing that she was the lessee of the apartment, that the utility closet containing the drugs also contained personal papers belonging to her, and that she was in possession of a key to the closet. While it is conceivable that, if she had chosen to testify, she might have been able to incriminate Pipkins by establishing that he was in joint possession of the drugs with her, it does not appear likely, under these circumstances, that such testimony would have in any way tended to exculpate her.

Where a co-defendant does not object to multiple representation until after trial, a conflict of interest will not be presumed; and in order to establish a sixth amendment violation, it must be shown that an actual conflict existed which adversely affected the attorney's performance. *Cuyler v. Sullivan*, 446 U. S. 335, 348-349 (100 SC 1708, 64 LE2d 333, 346-347) (1980). "[T]o justify separate counsel, the conflict

may not be merely theoretical or speculative, but must have some substantial basis in fact." *Davis v. State*, 129 Ga. App. 796, 799 (201 SE2d 345) (1973). No such substantial basis in fact was established in the present case, and we accordingly find this enumeration of error to be without merit.

4. The appellant contends that the court erred in refusing to charge that mere presence at the scene of a crime is not sufficient to support a conviction. However, it appears from an examination of the record that such a charge was in fact given. This enumeration of error is accordingly without merit.

*Judgment affirmed. McMurray, P. J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

While agreeing entirely with the majority opinion, I write to discuss several of the enumerations of error in conjunction with each other to dispel any notion that our rulings on Enumerations 1 and 2 are supportive of appellant's third enumeration as to ineffective assistance of counsel.

1. Appellant's first and second enumerations of error basically allege prosecutorial misconduct in improperly commenting on the evidence and in impermissibly placing appellant's character in evidence. The majority opinion, in finding these enumerations meritless, states that counsel either failed to object, failed to request curative instructions, or failed to request a mistrial; therefore, any objection was waived. To the casual observer, the court's rulings on these issues would be supportive of appellant's claim of ineffective assistance of counsel. Hence, a more in-depth discussion of the alleged misconduct is warranted.

During the opening statement the assistant district attorney stated "they did not have any statement." Taken by itself, this statement might be violative of appellant's 5th and 14th Amendment rights to remain silent and not to have the state comment during trial on her silence. *Griffin v. State*, 3 Ga. App. 476 (60 SE 277) (1908). However, when considered in the context as presented at trial, it was an entirely innocuous statement which is evidenced by appellant's counsel's failure to object. Even if the statement were objectionable, which we do not find it to be, the court is not required to grant a mistrial on its own motion under these circumstances. *Vernon v. State*, 152 Ga. App. 616 (263 SE2d 503) (1979).

Appellant challenges several statements by the assistant district attorney during closing argument: "These aren't even real Quaaludes. They are counterfeit. They are fake. She even cheats her own drug customers." "They come in, they want to buy a Quaalude but she's going to cheat them too. Not only is she out dealing cocaine on the

streets, pushing her . . ." "It was pretty dumb to keep this ledger book but we're not saying that she's smart. We're saying she's a drug dealer and if you're going to deal drugs in the first place, you're not too smart."

Appellant contends that this series of statements is violative of OCGA § 24-9-20, which prohibits the State from placing the defendant's character in issue. However, we take an entirely different view of these statements because, when viewed in light of the evidence at trial, they are either supported by the evidence or are reasonable and permissible inferences drawn from the evidence. *Sharp v. State,* 153 Ga. App. 486 (265 SE2d 837) (1980). Therefore, none of the statements complained of was objectionable and would not have warranted curative instructions or a mistrial.

2. Appellant also contends she received ineffective assistance of counsel because her counsel's loyalty was divided by events which occurred during the trial. The same attorney represented appellant and a co-defendant; the co-defendant received a directed verdict of acquittal during trial. Appellant's attorney pursued a defense of mere presence throughout the trial, making motions for a directed verdict due to the insufficiency of the evidence. At the end of the State's presentation, a motion for directed verdict was renewed as to both defendants, whereupon the trial court stated that the evidence was weak as to co-defendant Pipkins but that it would defer ruling on the motion until appellant Acierno testified. Appellant's attorney immediately rested on her behalf without presenting any evidence. It is reasonable to assume that by this strategy he hoped to save co-defendant Pipkins from conviction, which he did. Appellant contends that this situation caused her attorney's loyalty to be divided (*Glasser v. United States,* 315 U. S. 60 (62 SC 457, 86 LE 680) (1942)), and that she, in effect, was thrown to the wolves.

Appellant cites *Davis v. State,* 129 Ga. App. 796 (201 SE2d 345) (1973), which gives a thorough discussion of the conflict of interest claim as it bears on the right to counsel issue; however, this court, in *Davis* found no conflict of interest, just as the main opinion here finds no conflict of interest. The dissent of Judge Evans in *Davis* bears mentioning because it calls into question the majority position. Nevertheless, under either the majority position or the Evans dissent, appellant's enumeration of error would be meritless because the case in chief, unlike *Davis*, involves retained counsel and not appointed counsel. Therefore, a heightened scrutiny as is counseled by the dissent in *Davis* is unwarranted.

Thus, in considering appellant's enumerations singularly or conjunctively, it cannot be said she was denied effective assistance of counsel.

DECIDED OCTOBER 8, 1985 —
REHEARING DENIED OCTOBER 29, 1985 —

*G. Hughel Harrison, Rhonda A. Brofman,* for appellant.
*Thomas C. Lawler III, District Attorney, Alex G. Smith, Assistant District Attorney,* for appellee.