### 74862. WARD v. THE STATE.
(360 SE2d 919)

BENHAM, Judge.

Appellant was convicted of possession of marijuana with intent to distribute. He enumerates as error the trial court's failure to grant his motion for mistrial and subsequent motion for new trial. The basis for appellant's motions was the testimony elicited from a State's rebuttal witness that he knew appellant by the name "Hoochie Man." At trial, appellant objected on the ground that the question and answer were irrelevant, and the trial court sustained the objection. Appellant moved for a mistrial, arguing that since "hooch" is a slang expression for marijuana, the use of the name in connection with appellant was highly prejudicial. Acting in accordance with OCGA § 17-8-75, the trial court held that it would not grant the mistrial motion because it doubted that the jury would attach any significance to the nickname, but said that it would instruct the jury not to consider the nickname. Appellant asked the court not to instruct the jury, but "just leave it lie," and the court complied with his request.

The trial court did not abuse its discretion in denying appellant's motions for mistrial and for new trial, particularly in light of appellant's waiver of his objection by requesting that no curative instruction be given and by failing to specify some other form of relief. See *Vernon v. State*, 152 Ga. App. 616 (2) (263 SE2d 503) (1979).

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*L. Clark Landrum*, for appellant.
*David E. Perry, District Attorney*, for appellee.