### 45606. MULLINS v. THE STATE.
(374 SE2d 530)

HUNT, Justice.

Sylvia Mullins, was convicted of the murder of her husband, first degree arson, and possession of a firearm during the commission of a crime.[1] The issue on appeal is whether the trial court correctly denied her motion to suppress evidence seized from her car.

The jury was authorized to find that during the course of their twenty-five year marriage, the defendant and victim argued constantly. The victim frequently drank during those arguments and abused the defendant both verbally and physically. Approximately two years before the murder, the victim developed arthritis and became increasingly dependent on alcohol and drugs, and the construction business run by the defendant and victim went into decline. The defendant became frustrated with the victim, urging him to work harder. For approximately four years, the defendant had conducted an affair with a neighbor and employee of the construction business,

---

[1] The crime was committed on November 21, 1986. The Floyd County jury returned its verdict of guilty on September 9, 1987. A motion for new trial was filed on September 28, 1987, and denied on February 16, 1988. Notice of Appeal was filed on March 4, 1988. The transcript of evidence was filed on March 9, 1988. The record was docketed in this court on April 25, 1988. The case was argued on May 11, 1988.

Hendrix. In the last year before the murder, the defendant often discussed with Hendrix her plan to kill the victim, detailing how she might put the victim "out of his misery," by getting him drunk and pushing him in their swimming pool, or by poisoning him. The month the victim was killed, his illness became acute and he remained home, drunk, argumentative and abusive.

During the week before the murder, the defendant told Hendrix of her plan to murder the victim by knocking him out and setting fire to the recreational vehicle in which they were living (their home had been damaged by lightning). The night before she killed the victim, the defendant drugged him using a horse tranquilizer obtained for her by Hendrix. The following morning, the defendant shot and killed the victim in the recreational vehicle and set fire to it. She then left and took her daughter (who had been staying in an undamaged part of the house) to school. Shortly thereafter, Frank LaPann, who was employed to repair the damage to the house, arrived for work, put out the fire, and, after he discovered the victim's body, alerted the fire and police departments. Subsequently, a revolver found in the defendant's purse was identified as the murder weapon. The defendant was arrested and, soon thereafter, told Hendrix, "I've made a mess of everything. If LaPann hadn't shown up, everything would have been all right."

1. The evidence presented at trial was sufficient to authorize a rational trier of fact to find the defendant guilty of the crimes charged beyond a reasonable doubt under the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her sole enumeration of error, the defendant contends the trial court erred by failing to grant her motion to suppress evidence found in her car. She argues the evidence was obtained as a result of a warrantless search and seizure in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution. Regardless whether the search was justified under the exigencies of this case, see *Catchings v. State*, 256 Ga. 241, 247 (10) (347 SE2d 572) (1986); *Hatten v. State*, 253 Ga. 24, 25 (315 SE2d 893) (1984), the evidence against the defendant was so overwhelming that any error she alleges was harmless beyond a reasonable doubt. See *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967); *Harrington v. California*, 395 U. S. 250 (89 SC 1726, 23 LE2d 284) (1969); *Nealey v. State*, 233 Ga. 326 (211 SE2d 286) (1974).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 5, 1988.

*Cook & Palmour, Bobby Lee Cook, A. Kirstina Cook Connelly,* for appellant.

Stephen F. Lanier, District Attorney, Harold Chambers, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Leonora Grant, for appellee.