## A89A0745. RAYSOR v. THE STATE.
(382 SE2d 162)

BANKE, Presiding Judge.

The appellant was found guilty of kidnapping, burglary, and aggravated assault based on a course of conduct directed against his estranged wife. In connection with the same events which gave rise to these charges, he was also charged with financial transaction card fraud, rape, robbery by intimidation, a second count of kidnapping, and two counts of false imprisonment; however, the trial court directed a verdict in his favor on one of the false imprisonment charges, and the jury found him not guilty on all the remaining charges. He brings this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the trial court erred in refusing either to rebuke the state's attorney in the presence of the jury or to declare a mistrial based on the following exchange which occurred while the state's attorney was examining the appellant's half-brother, assertedly while the attorney was looking at a copy of the appellant's FBI "rap sheet": Q: "Is your name Dexter Charles Turner?" A: "Yes." Q: "Were you in Waco, Texas in 1974?" A: "No, sir." Q: "Do you know whether or not your brother used your name back in 1974?" A: "I have heard —"

In response to the appellant's objection to this line of questioning, the trial court instructed the jury as follows: "Members of the jury, the court needed to take up a matter outside of your presence, and having done that let me instruct you that the last two questions and the answers to those questions, whether the witness had been in Waco, Texas in 1974 or whether the defendant had ever used the . . . witness' name, are irrelevant in this matter and have nothing to do with the trial of this case and so you should not consider even those questions that were asked or the answers that were given in response to those two questions. Just ignore that and wipe that from your minds and give no consideration to the questions or answers given."

"Where the instruction by the court to the jury to disregard the remarks was full, it in effect amounts to a rebuke of counsel. (Cits.)" *Collier v. State*, 156 Ga. App. 413, 414 (274 SE2d 780) (1980). Noting that neither the questions at issue nor the witness's answers to them revealed any specific instances of prior criminal misconduct on the part of the appellant and that the jury acquitted the appellant of most of the charges against him, we have no hesitancy in concluding that the court's instructions were sufficient to cure whatever prejudicial effect the questions might have had, with the result that the court did not abuse its discretion in refusing to grant a mistrial. See also *Roberson v. State*, 157 Ga. App. 60 (1) (276 SE2d 114) (1981).

2. The appellant contends that, with respect to the kidnapping charge of which he was convicted, the trial court erred in refusing to

charge on false imprisonment as a lesser included offense. The essential difference between the two offenses is that kidnapping involves the additional element of asportation. See OCGA §§ 16-5-40 (a); 16-5-41 (a). The appellant's defense to the kidnapping charge was that the victim had accompanied him voluntarily. If believed, his testimony to this effect would have warranted an acquittal of the lesser as well as the greater offense, with the result that there was no evidentiary basis for the requested instruction. Accord *Awtrey v. State*, 175 Ga. App. 148, 151 (3) (332 SE2d 896) (1985). We reject as too unreasonable to warrant serious consideration the appellant's contention that the jury might have found him guilty of the lesser offense based on a determination that the victim had accompanied him voluntarily during those periods when he was transporting her and had wished to leave his company only during an intervening period when he was beating but not transporting her.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 1, 1989.

*H. Bradford Morris, Jr.*, for appellant.

*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.