## A90A1067. ROUNTREE v. THE STATE.
### (398 SE2d 37)

Cooper, Judge.

Appellant was indicted on charges of armed robbery (Count I) and robbery (Count II) and found guilty by a jury on both counts. One of the victims testified that on the morning of October 17, 1987, she went to the bank to deposit cash receipts, and while she was in the bank, appellant bumped into her and yanked the bag of cash from her. The second victim testified that on the morning of September 25, 1987, as he exited a bank after cashing payroll checks for his employees, appellant jumped out of a car behind the victim and beat him on the head with a pistol before taking the money and driving away. In February 1988, an officer patrolling in his vehicle became suspicious when he noticed a car with two men in it parked in a lot across the street from a bank. The officer testified that he pulled into a vacant lot and watched the car for approximately ten minutes and that when the men in the car saw him, appellant got out of the car, looked under the hood for a few seconds and then let the hood down, got back in the car and pulled out of the lot at a high rate of speed. The officer pursued the car with his blue lights on until the car stopped. Appellant got out of the car and when asked by the officer for a driver's license, he gave the officer a driver's license in the name of Willie Daniel. When the officer discovered that appellant did not fit the description on the license, he patted appellant down and found a stocking mask in his jacket pocket. Appellant was arrested and charged with driving without a license. At a line-up conducted approximately two weeks after appellant's arrest, the first victim identified appellant as the man who robbed her. The second victim could not identify appellant in the line-up; however, a witness to the second victim's robbery identified appellant as the man who committed the robbery.

1. Appellant contends in his first enumeration of error that the prosecutor impermissibly placed appellant's character in evidence. The prosecutor cross-examined appellant about where he got the tattoo which was on his face. When appellant responded that he got it at "Hardwick," the prosecutor asked him what "Hardwick" was. Before appellant responded, defense counsel requested a bench conference and following the bench conference the following colloquy transpired between the prosecutor and appellant:

Q: And what is Hardwick?
A: A correctional center for youthful offenders.
Q: And it is also an adult prison, isn't it?
A: No, I was in the Y-O Unit.
Q: And when was it that you were in Hardwick?
A: 8-82

Q: And why were you there?
A: Being with the wrong fellows at the wrong time.
Q: Well, that's not the crime that you pled guilty to to get to Hardwick now, is it?
A: Yes.

Although the bench conference was not transcribed, the record was supplemented to reflect that during the bench conference defense counsel objected to any testimony describing what "Hardwick" was or why appellant was there and that the trial court overruled the objection. No objection was made to the testimony, which occurred following the bench conference, relating to appellant's having pled guilty to a crime. Nor did appellant's counsel, at any time during the trial, move for a mistrial or request any curative instructions. Therefore, we find that appellant has preserved nothing for this court to review. *Acierno v. State*, 176 Ga. App. 600 (2) (337 SE2d 39) (1985).

2. In his second enumeration of error, appellant contends that the trial court erred in charging the jury as follows: "This case has been carefully tried by both sides. It has been submitted to you for decision and verdict, if possible, and not for disagreement." The charge given by the trial court was almost verbatim to the charge approved by the Supreme Court in *Spaulding v. State*, 232 Ga. 411 (4) (207 SE2d 43) (1974). Accordingly, we find no error with the trial court's charge.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990.

*Jonathan Goldberg*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Keith L. Lindsay, Richard E. Hicks, Assistant District Attorneys*, for appellee.