## S92A1091. GRIGGS v. THE STATE.
(425 SE2d 644)

HUNT, Presiding Justice.

Harold Griggs was convicted of murder and sentenced to life imprisonment in 1954.[1] He appeals, raising as error the failure of the

---

[1] The homicide occurred on November 14, 1953. Griggs was found guilty of murder on January 27, 1954 and sentenced to life imprisonment. His motion for new trial was filed on February 8, 1954 and denied on March 27, 1954. No appeal was pursued. In 1990, Griggs was granted a writ of habeas corpus setting aside the dismissal of his motion for a new trial and reinstating his right to appeal. On October 15, 1991, the trial court (Early Superior Court) denied his motion for a new trial. The defendant filed his notice of appeal in this Court on

trial court to charge on voluntary manslaughter, the exclusion by the trial court of evidence of the deceased's reputation for violence, the violation of rights secured by the Sixth and Fourteenth amendments, and the failure of the trial court to grant a new trial. We affirm.

Griggs and Henry Crawford shot to death James Bush, an enforcer for the then notorious Phenix City Gang. Bush had heard that Crawford had stolen a large sum of money in a burglary and for several days had been trying, through threats of violence, to force Crawford to turn over to him a portion of that money. After Crawford refused, Bush, with three henchmen, went to Crawford's house to get the money. Griggs and Crawford were waiting for Bush, and shortly after Bush entered the house, he was killed by six bullets to the back and head.

Griggs and Crawford were tried separately but defended by lawyers hired by Crawford; both were convicted of murder and sentenced to life imprisonment.[2] Counsel for Griggs filed a motion for a new trial but evidently did not pursue the appeal further as his motion was dismissed for want of prosecution.

In 1990, the superior court (Richmond County) granted Griggs a writ of habeas corpus because of ineffective appellate counsel, the dismissal of his motion for a new trial was set aside and his right to appeal was reinstated. Subsequently, the trial court (Early County) denied his motion for a new trial.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found the defendant guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Griggs contends the trial court, even without a request, should have instructed the jury on the law of voluntary manslaughter. In 1954, a defendant was incompetent to testify in his own defense but was permitted to give the jury an unsworn statement; Griggs made such an unsworn statement. His defense was justification, and the trial court instructed the jury on self-defense, defense of habitation and defense of another. At the time of the trial, a court did not have to instruct the jury upon an issue raised only in an unsworn statement. *McLendon v. State*, 172 Ga. 267 (2) (157 SE 475) (1930); *Taylor v. State*, 199 Ga. 512 (34 SE2d 701) (1945). As the only evidence

---

November 12, 1991. The appeal was docketed on June 3, 1992, and argued on September 16, 1992.

[2] Crawford's conviction was affirmed on direct appeal. *Crawford v. State*, 211 Ga. 166 (84 SE2d 354) (1954). In 1964, Crawford's conviction was reduced to voluntary manslaughter and he was conditionally released; in 1966 his sentence was commuted to time served and his rights were restored.

that Griggs's action in killing the victim was not fully justified but also without malice was his unsworn testimony, the trial court was not required to charge the offense of manslaughter. Griggs maintains the trial court should have charged the jury on voluntary manslaughter sua sponte as there was evidence that Bush had threatened Crawford and had come to his house armed and accompanied by other gang members to take the money. While that evidence might support a claim of self-defense, it does not show heat of passion necessary to support a charge of voluntary manslaughter. *Odom v. State*, 106 Ga. App. 60, 62 (126 SE2d 472) (1962). Accordingly, we find no error in this enumeration.

3. Griggs further contends the trial court improperly excluded evidence of the victim's reputation and propensity for violence. However, when the evidence was tendered, no prima facie showing that the victim was the aggressor had been established and the state's objection was sustained by the trial court "at this time." *Bennett v. State*, 254 Ga. 162, 164 (326 SE2d 438) (1985). Assuming Griggs' subsequent unsworn statement established such a showing, Griggs made no further effort to introduce reputation evidence. Thus, no error exists.

4. Griggs next argues the trial court erred in not setting aside his conviction because then-Code Ann. § 38-416, which precluded an accused from testifying under oath on his own behalf, and his own lawyer's conflict of interest in representing both him and his co-defendant, effectively impaired his ability to mount a defense and violated his rights under the Sixth and Fourteenth Amendments.

(a) Georgia Code Ann. § 38-416 made an accused incompetent to testify under oath in his own behalf at his trial; the harshness of this Code section was mitigated by § 38-415, which allowed the accused to make an unsworn statement to the jury, a statement unguided by the accused's counsel and not subject to cross-examination. In *Ferguson v. Georgia*, 365 U. S. 570 (81 SC 756, 5 LE2d 783) (1961), the Supreme Court ruled that Code section unconstitutional, holding: "Georgia, consistently with the Fourteenth Amendment, could not, in the context of § 38-416, deny appellant the right to have his counsel question him to elicit his statement." 365 U. S. at 596.

Pretermitting whether Griggs may take advantage of the ruling in *Ferguson*, see *Griffith v. Kentucky*, 479 U. S. 314, 328 (107 SC 708, 93 LE2d 649) (1987), we find that any error in this case was harmless. We realize "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U. S. 18, 24 (87 SC 824, 17 LE2d 705) (1967). Given the overwhelming evidence against the defendant, we have no difficulty in finding that the error here was harmless. *Mullins v. State*, 258 Ga. 734 (374 SE2d 530)

(1988); *Strickland v. State*, 260 Ga. 28 (389 SE2d 230) (1990).

(b) Griggs also contends that the representation of both Crawford and himself by his attorney created a conflict of interest which adversely affected his attorney's ability to mount a successful defense. This Court, following *Cuyler v. Sullivan*, 446 U. S. 335 (100 SC 1708, 64 LE2d 333) (1980), has held that where a co-defendant fails to object to multiple representation until after trial, a conflict of interest will not be presumed. *Acierno v. State*, 176 Ga. App. 600, 601 (337 SE2d 39) (1985). In order to establish a sixth amendment violation, the party must show that an actual conflict existed which adversely affected the attorney's performance, and this conflict " 'may not be merely theoretical or speculative, but must have some substantial basis in fact.' " Id. at 602. Griggs fails to show in any way that an actual conflict of interest existed which worked to his detriment; thus, we find this portion of the enumeration of error to be without merit.

5. Finally, Griggs argues the trial court erred when it declined to grant him a new trial on the basis of newly discovered evidence. The new evidence to which Griggs refers consists of affidavits originally prepared in support of the habeas corpus petition of his co-defendant Crawford.

An examination of the affidavits reveals that their contents fail to meet the requirements set forth in *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). The new evidence is insufficient to support his contention that it would probably produce a different verdict and it is cumulative. In fact, some of the new evidence casts him in a worse light than that presented at trial.

*Judgment affirmed. Clarke, C. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993 —
RECONSIDERATION DENIED FEBRUARY 24, 1993.

*James C. Bonner, Jr.*, for appellant.
*Charles M. Ferguson*, District Attorney, *Michael J. Bowers*, Attorney General, *Susan V. Boleyn*, Senior Assistant Attorney General, *Peggy R. Katz*, Staff Attorney, for appellee.