## A98A0954. PARKER v. THE STATE.
(506 SE2d 191)

Judge Harold R. Banke.

Paul Steven Parker was convicted of trafficking in cocaine. He enumerates two errors on appeal.

This case arose after two officers stopped Parker for failing to maintain a single lane of traffic. As the officers peered into Parker's car through both front windows, they noticed on the passenger's seat an open brown paper bag containing a plastic zip-lock bag holding rocks of cocaine, individually wrapped in clear plastic. One of the officers asked Parker to get out of the car and inquired whether there were any intoxicating substances in the vehicle. Parker responded in the negative and consented to a search of the car, during which the officers found 100 grams of cocaine in the bag. *Held*:

1. Parker argues that the trial court erred in denying his motion to suppress because the evidence was insufficient to show that he consented to the search or the cocaine was in plain view. The record refutes these contentions.

Viewed in the light most favorable to the verdict, the evidence established that the search was permissible under either theory. *Buffington v. State*, 229 Ga. App. 450, 452 (494 SE2d 272) (1997). The arresting officer's testimony that Parker invited him to search the car is sufficient to support a finding of consent, notwithstanding Parker's denial of that fact. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Evidence that the officers saw the cocaine in the brown paper bag while peering into the car after a traffic stop satisfies the requisites of a plain view search. See *Talley v. State*, 200 Ga. App. 442, 444 (3) (b) (408 SE2d 463) (1991). This testimony requires us to affirm the trial court's findings despite what Parker characterizes as conflicting testimony. *Tate*, 264 Ga. at 54 (1) (appellate courts lack authority to reweigh the evidence). The evidence presented, particularly the testimony describing the bag's condition when the cocaine was first seen, rendered any error arising from the loss of the brown paper bag harmless. See *Mullins v. State*, 258 Ga. 734, 735 (2) (374 SE2d 530) (1988).

2. Parker argues that he lacked actual or constructive possession of the cocaine because he was driving a car an acquaintance had rented. We disagree.

Here, Parker was the sole occupant of the vehicle and the cocaine sitting on the passenger seat was so obviously visible that two officers peering into the windows recognized it. These facts distinguish *Whipple v. State*, 207 Ga. App. 131 (1) (427 SE2d 101) (1993), on which Parker relies. The evidence presented establishes far more than mere presence. Compare id.; see *Parris v. State*, 226 Ga. App. 854, 855 (487 SE2d 690) (1997).

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED AUGUST 19, 1998.

Rubin, Winter, Rapoport & Hall, Joseph M. Winter, for appellant.

Tommy K. Floyd, District Attorney, Thomas R. McBerry, Blair D. Mahaffey, Assistant District Attorneys, for appellee.