## A99A0295. WILLIAMS v. THE STATE.
### (515 SE2d 862)

Smith, Judge.

Billy Tyrone Williams was indicted on charges of robbery, kidnapping with bodily injury, and theft by taking and was convicted of all but the theft by taking charge. His motion for new trial was denied, and he appeals. Finding no error, we affirm.

Williams's sole enumeration of error is that the trial court erroneously failed to give his requested charge on false imprisonment as a lesser included offense of kidnapping. Construed in favor of the jury's verdict, evidence was presented that the victim, a gas station attendant, was in the process of closing the station for the night when he was attacked by two men. He testified that he had walked outside the station, had started his truck, and was getting out of the truck when these two men came from behind and began beating him. He stated that they struck him on the head and "sort of knocked me unconscious." He woke up in the bay area of the station with one of the men "holding me down with his foot." Although the victim could not remember being carried from outside the station inside to the bay area, he testified that "with the shape I was in I would say it would probably have taken both of them to carry me back there." He was again beaten inside the station, and the men took his wedding band, watch, and wallet from him. Williams later gave a statement to the police admitting to taking money from the victim's wallet and attempting to open the station's vault while his companion dragged the victim to the back of the station and beat him with a stick. On Williams's behalf, John Wilson testified that he pled guilty to charges arising out of this incident and denied Williams's involvement.

An individual commits the offense of kidnapping when he or she "abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). "A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). The only difference between these two offenses is the element of asportation. *Sallie v. State*, 216 Ga. App. 502, 503 (455 SE2d 315) (1995).

Williams argues some evidence of lack of asportation was presented and therefore that a charge on false imprisonment should have been given. While it is well settled that a trial court should charge the jury on a lesser included offense if even slight evidence shows that the defendant committed that lesser offense, *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994), we do not agree with Williams that a charge on false imprisonment was warranted here. He claims that the jury could have concluded that the victim retreated on his own power to the inside of the station to escape the beating. He argues that because the victim could not remember how he was moved from outside the station inside to the bay area, and because the victim's normal practice was to return inside before locking it for the evening, the jury could have concluded that the victim may have walked inside without remembering that he did so. He also contends that just as the victim walked across the street to the hospital sometime after the incident without remembering how he arrived there, the jury may have been authorized to believe that the victim walked inside the station without remembering doing so.

We find no merit in Williams's arguments. Although Williams contends that the State's evidence of asportation was merely circumstantial, Williams's own statement to the police provided direct evidence of this element. He stated that his companion grabbed the victim "and dragged him in the back" while he attempted to open the station's vault. Williams clearly was a party to this action by his companion. See OCGA § 16-2-20 (b) (3). And we reject Williams's contentions concerning the victim's memory "as too unreasonable to warrant serious consideration." *Raysor v. State*, 191 Ga. App. 422, 423 (2) (382 SE2d 162) (1989). Although the victim testified that he normally walked back into his office to turn out the lights and set the security alarm, he stated that it was not his habit to walk into the bay area. The victim's testimony that it would have taken both men to carry him inside the station belies any argument that the victim was physically able to enter the station on his own accord shortly after he was beaten by the perpetrators.

Finally, Williams's defense at trial was that he was not present during the incident. If believed, the testimony of the sole witness present on Williams's behalf that another individual assisted in the incident "would have warranted an acquittal of the lesser as well as the greater offense, with the result that there was no evidentiary basis for the requested instruction. [Cit.]" *Raysor*, supra.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED APRIL 8, 1999.

*John A. Rumker*, for appellant.

*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant District Attorney*, for appellee.